MAY TERM, 1880, No. 190.  MAY 5TH, 1881.

## Heidelbaugh *versus* Thomas.

1. The act of March 14th, 1876, provides that any court of record having jurisdiction of a judgment entered therein originally, or by transfer from any other court, shall, upon application by the defendant or defendants in the said judgment, or his or her or their legal representatives, "or other person or persons concerned in interest therein," setting forth that the same has been fully paid, grant a rule to show cause why the judgment should not be marked satisfied of record; and if it shall appear to the satisfaction of the Court that the judgment has been fully paid, " as set forth in the application of the defendant or defendants, the Court shall then direct the prothonotary to mark such judgment satisfied of record." *Held*, that a subsequent judgment

creditor of the defendant is not "a person concerned in interest therein," within the meaning of the act.

2. A statute in derogation of the common law, and which denies the right of trial by jury, should be strictly construed.

ERROR to the Court of Common Pleas of *Lancaster County*.

The record showed that Milton Heidelbaugh held a judgment against Arthur Thomas, entered January 30th, 1877, in the Court of Common Pleas of Lancaster County, to January Term, 1877, No. 174, for $625, with interest from April 1st, 1876. On the 23d of August, 1879, upon the affidavit of one of the members of the firm of George M. Steinman & Co., which firm held a judgment against Thomas obtained subsequently to that of Heidelbaugh, the Court granted a rule upon Heidelbaugh to show cause why his judgment should not be satisfied of record.

Upon the hearing of this rule, the Court, LIVINGSTON, J., having found from the depositions taken, that the judgment had been fully paid, made an order as follows:

" It therefore appearing to the satisfaction of the Court that said judgment has been fully paid, as set forth in the petition or application presented to the Court, the Court doth now, April 3d, 1880, order and direct the prothonotary to mark said judgment satisfied of record ; and doth further order, direct, and decree that Milton Heidelbaugh, the plaintiff, shall pay all costs incurred in and by these proceedings on this application to have satisfaction entered of record."

It was assigned as error, *inter alia*, that " the Court erred in granting a rule to show cause why the judgment to January Term, 1877, No. 174, should not be satisfied of record by order of Court, etc., at the instance of George M. Steinman & Co., subsequent judgment creditor. This rule is grantable only at the instance of the defendant, Arthur Thomas, alone."

*Philip D. Baker* for plaintiff in error.

The defendant has not made the application himself, or any of his legal representatives, and those who did make it are not "persons concerned therein" under the act of March 14th, 1876 : Thompson's Appeal, 7 P. F. Smith, 178 ; Dougherty's Estate, 9 W. & S., 196 ; Appeal of Second National Bank of Titusville, 4 Norris, 531.

*H. M. North* for defendant in error.

There is little doubt that Steinman & Co. could have an issue to determine how much if anything is due on the judgment, or they might show payment before an auditor to distribute : Lewis *v.* Rogers, 4 Harris, 21 ; Clark *v.* Doug-

[Heidelbaugh v. Thomas.]

lass, 12 P. F. Smith, 408; Knabbs's Appeal, 10 Barr, 186; Classon's Appeal, 10 Harris, 365. If necessary that this rule should be in defendant's name the Court should consider it as so made. But this is a proper application under the act: Felt v. Cook, 9 W. N. C., 246. Obviously, the other persons "concerned in interest therein" are all those whose interests are prejudiced by the omission to satisfy the judgment. The act of 1876 was passed to confer the power and change the rule as established by Horner v. Hower, 3 Wr., 126, and Reynolds v. Barnes, 26 P. F. Smith, 427. The presumption is that the power of the Court was rightly exercised: Bain v. Funk, 11 P. F. Smith, 185.

The opinion of the Court was delivered by STERRETT, J.

The proceedings which resulted in the order of Court directing the judgment of plaintiff in error against Arthur Thomas to be marked "satisfied of record," were based on the petition of George M. Steinman & Co., subsequent judgment creditors of said Thomas, presented under the act of March 14th, 1876, and the only question is whether, under the provisions of the act, the petitioners had a right to commence and prosecute such proceedings.

That act provides that any court of record, having jurisdiction of a judgment entered therein originally, or by transfer from any other court, "shall, upon application by the defendant or defendants in the said judgment, or his or her or their legal representatives, or other person or persons concerned in interest therein," setting forth that the same has been fully paid, grant a rule to show cause why the judgment should not be marked satisfied of record; and if it shall appear to the satisfaction of the Court that the judgment has been fully paid, "as set forth in the application of the defendant or defendants, the Court shall then direct the prothonotary to mark such judgment satisfied of record," etc. P. L., 78. If, within the true intent and meaning of the act, the petitioners are "persons concerned in interest" in the judgment, the application was rightly entertained by the Court, and, inasmuch as the evidence was sufficient to justify the order of satisfaction, it would follow that the same was properly made. But we are of opinion that the class of persons described as "concerned in interest" in the judgment does not include subsequent judgment creditors of the defendant, and therefore the petitioners had no standing in court.

The summary power conferred by the act is in derogation of the common law, and, virtually, a denial of the right of trial by jury. It should, therefore, be strictly construed, as

was held in Gifford's Appeal, 9 W. N. C., 246. Perhaps, in an en-
larged sense of the phrase, it may be said that a subsequent
judgment creditor is " concerned in interest " in prior judg-
ments against his debtor, in that the value of his security
may be more or less affected by such antecedent liens; but
his interest is not of the direct nature that is contemplated
by the act. It differs from that of the defendant in the
judgment, or his legal representatives, who are expressly
named in the act. The interest of a *terre tenant* of land,
bound by the judgment, or of bail for stay of execution, is
also different from that of a subsequent judgment creditor.
The latter is not responsible, either in person or estate, for
the payment of the judgment, but the others are; and, in
that respect, their position is akin to that of the defendant.
It may be fairly inferred that the persons described as " con-
cerned in interest therein " are those only whose relation to
the judgment is similar to that of the defendant,—a relation
of liability either in person or estate. By limiting the ope-
ration of the act to the defendant, his legal representatives,
and others who are personally responsible for the judgment,
or whose property is exposed to execution in satisfaction
thereof, full force and effect is given to the language of the
statute, and the legislative intent will be carried out. If
the legislature had intended to include creditors they would
have said so in express terms.

The phrase " persons concerned in interest therein " ap-
pears to have been borrowed from the 14th section of the
original act, relating to the satisfaction of judgments, passed
in 1791 : Purdon, 824, pl. 26. It has never been claimed
that subsequent judgment creditors are within the provisions
of that act. Nor, is there any reason why they should be
considered as included in the act of 1876. Ample provision
for their protection exists in proceedings for distribution.
All questions touching the payment of prior judgments may
be there raised and determined.

The order and decree of the Court of Common Pleas is
      reversed, and the petition of George M. Steinman
      & Co. is dismissed with costs.