# Horner & McCann *versus* Hower.

The Court of Common Pleas have no power to strike from the docket summarily a judgment regularly entered, nor in ordinary cases to compel it to be satisfied; but they may order an issue to try whether a judgment has been actually paid, and if so, enforce the entry of satisfaction under the Act of 1791.

[Horner & McCann v. Hower.]

ERROR to the Common Pleas of *Northampton county.*

This was a proceeding to reverse the decree of the court below, striking off a judgment from the records of the Common Pleas, in favour of Alfred Horner, Jr., and James McCann, Jr., trading as Horner & McCann, against Adam Hower.

The case was this :—On the 6th of August 1859, a bill single, executed by the defendant in favour of the plaintiff, dated March 21st 1859, for $5000, payable one day after date, with a clause authorizing the confession of judgment, was produced before the prothonotary of Northampton county, on which judgment was entered up in the usual form. The plaintiffs were commission merchants, and the judgment was given to cover advances made by them to defendant, on consignments of whiskey. This was the second lien on defendant's real estate, and the sum secured by it was therefore perfectly safe. On the 9th of September 1859, the balance due from defendant was about $2800, when an arrangement was made under which he gave to plaintiffs two drafts on William S. Smith & Co. for $2000, paid $20 in cash, and gave a judgment-note for $770, with the understanding that the judgment for $5000 was to be satisfied, and that for $770 entered in its place. When this settlement was made, Horner & McCann executed and delivered to the defendant's agent, the following papers :—

Philadelphia, September 10th 1859.

Received of Col. A. Hower, his judgment-note, September 9th, four months, for seven hundred and seventy dollars.

$770.                                   HORNER & McCANN.

Philadelphia, September 10th 1859.

M. H. Jones, Esq.,

Dear Sir :—You will please to deliver to Col. Adam Hower the judgment-notes of ours, against him, in your possession, also to have that judgment satisfied that you have entered against him, and oblige, Yours,

HORNER & McCANN.

Subsequent to this, the defendant confessed judgment to Wm. S. Smith & Co., and others, for about $30,000, covering his real estate beyond its value, and discontinued business in his own name. Afterwards, Mr. Hower called on Mr. Jones, who was the attorney of Horner & McCann, presented their letter, and asked to have the $5000 judgment marked satisfied, admitting that there was a balance due on it of $770, for which he tendered the new judgment, and apologizing for not delivering the letter of Horner & McCann at an earlier date. Mr. Jones refused to satisfy the judgment, alleging that the costs were not paid, and because other judgments might have been entered against Hower

since the letter was written. The matter ended with Hower's promise to pay the balance, which not being done, execution was taken out by plaintiffs for the balance, to August Term 1861. On the 21st of August, on motion of Mr. Green, and affidavit of defendant filed, the court below granted a rule on plaintiffs to show cause why the judgment should not be satisfied and discharged of record, the execution to stay in the mean time, the lien and levy thereof to remain. Under this rule, depositions establishing the foregoing facts were taken, and on the 23d of February, the rule was made absolute. The plaintiffs thereupon sued out this writ, and assigned for error the decree striking off their judgment.

*M. H. Jones*, for plaintiff in error.

*Reeder* and *Green*, for defendants in error.

The opinion of the court was delivered, May 6th 1861, by

STRONG, J.—The court below summarily ordered the judgment of Horner & McCann to be satisfied and discharged of record. That a Court of Common Pleas has power to open a judgment upon its record, or to direct an issue to determine whether or not it has been paid, is beyond question; but whether it can strike from the docket a judgment regularly entered, or compel it to be satisfied, is quite another question. We have not been shown any statute by which such a power is conferred, nor are we aware that any such statute exists. There are, however, Acts of Assembly which, by strong implication, deny that in ordinary cases a court can direct a judgment to be marked satisfied. Thus by the Act of 14th April 1851 (P. L. 612), it was enacted that the courts in the city and county of Philadelphia might, on being satisfied that judgments of more than ten years' standing had been paid, order satisfaction to be entered. This act was unnecessary, if there exists in courts the power exercised by the Common Pleas in the case now before us. Besides, it is noticeable that it is applicable only to judgments which have been rendered more than ten years. It is a fair deduction from this, that a similar power over judgments of shorter standing was neither supposed to exist, nor intended to be given. The satisfaction of a judgment is something more than control of a record. It not only annihilates the judgment, but it extinguishes both the evidence of a debt and the debt itself. We do not think it clear that our courts possess the power to do this summarily. They may order an issue to try whether a judgment has been actually paid. If the result be to establish that it has, the defendant may enforce the entry of satisfaction under the Act of 13th April 1791. Such an issue should have been

[Horner & McCann *v.* Hower.]

ordered in this case, and we find ourselves constrained to send it back that such a course may be pursued. The evidence brought up would render such a course proper, even if the power of the court to order satisfaction were undoubted.

> The order of the court directing the judgment to be satisfied and discharged of record is reversed, and the record is remitted.