## Reynolds *versus* Barnes *et al.*

1. Reynolds obtained judgment by default against Barnes and issued execution. On a rule to show cause, at the instance of Barnes, why the judgment should not be satisfied, the court heard depositions and made the rule absolute. *Held* to be error, the court had not power to make such order.

2. Under the Act of March 27th 1852, the court had not such power, the record not showing that it had been paid by an execution on it.

3. The power to direct a judgment to be satisfied is not a necessary attribute of a court, nor essential to the proper administration of justice.

4. A court has not power summarily to strike off or vacate a judgment regularly entered.

5. Satisfaction of a judgment is the act of the plaintiff; it has not been the practice of the courts of this state to direct the prothonotary to mark judgments satisfied.

6. The court may direct an issue to try whether a judgment has been discharged, and if it be found that it has, may order a perpetual stay of execution; and the defendant may compel the plaintiff to enter satisfaction, under the Act of April 13th 1791.

7. Horner *v.* Hower, 3 Wright 126, followed.

October 13th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the District Court of *Allegheny county:* Of October and November Term 1874, No. 199.

This was a scire facias sur recognisance of bail in error, issued December 12th 1873, by Samuel Reynolds against William McKee, Joseph D. McGill, A. Inskeep, J. B. Poor and Thomas Barnes. The writ was served on all the defendants.

The affidavit of the plaintiff's claim was :—

"That at No. 196, November Term 1872 of this court, there was obtained against the defendants Poor and McKee, a verdict for the sum of $2065, and a judgment was entered on said verdict in favor of plaintiffs; that a writ of error was taken to the Supreme Court No. 121 to October and November Term 1873, by the said defendants, and a judgment of *non pros.* had against them; that the above-named defendants, McKee, McGill, Inskeep, Poor and Barnes, entered into a recognisance in the sum of $5000, conditioned that the said Poor and McKee should prosecute their writ of error with effect; or, in default, that they would pay the amount of the judgment and costs, and costs in said writ of error.

"Affidavit further says that the defendants are justly and legally indebted to the plaintiff above named in the sum of $2065, with interest from April 30th 1873, and the costs, at No. 196, November Term 1872, and that the whole amount of debt, interest and costs, as aforesaid, remains due and unpaid."

On the 10th of January 1874, judgment was taken against the defendants by default *sec. reg.* for $5000. On the 13th of March, the judgment was assigned to R. D. Clark & Co.

May 2d 1874, on affidavit of Thomas Barnes filed, rule to show

cause why the above judgment as to Thomas Barnes should not be marked satisfied on payment of costs, and the fi. fa. issued thereon should not be set aside, and in the meantime proceedings stayed.

The affidavit was as follows:—

" Thomas Barnes, being duly sworn, saith that a judgment was obtained against him and others in this case, for $5000, on January 10th 1874, on a bond given for a writ of error in the Supreme Court, in No. 196, November Term 1872, Samuel Reynolds *v.* Poor and McKee, on which judgment had been entered April 29th 1873, for $2065; that a fi. fa., No. 265, November Term 1873, was issued on said original judgment, No. 196, November Term 1872, on which fi. fa. a levy was made October 25th 1873, on the personal property of defendant, at his lumber-yard; that said levy was on far more personal property than would pay the said judgment, debt, interest and costs in full; that said property was advertised for sale for January 12th, A. D. 1874, and adjourned from time to time (and then by order of plaintiff's attorney) until Wednesday, March 11th, A. D. 1874, at 2 o'clock P. M., when said fi. fa. was stayed by R. D. Clark & Co., assignees of the said judgment. This affiant states that by the staying of said fi. fa., R. D. Clark & Co., the holders of said judgment, have released the defendant's property to an amount more than sufficient to pay the said judgment, debt, interest and costs; and have, within a few days last past, issued a fi. fa. on judgment No. 373, January Term 1874, and the sheriff has called on this affiant for the payment of the same. Your affiant offers to pay into court the costs in No. 373, January Term 1874, and on the fi. fa. issued thereon, and asks that said fi. fa. be set aside, and said judgment No. 373, January Term 1874, be satisfied on the record and affiant released from the same."

Depositions were taken in support of the rule.

The depositions showed that an execution had been issued on the original judgment against Poor, his personal property levied on and advertised by the sheriff to be sold. An injunction was issued from the District Court of the United States, restraining the parties from proceeding on the execution, and after several adjournments of the sale, the execution was stayed by the attorney for the use-plaintiff in the execution.

On the 22d of June 1874, Barnes's rule to mark the judgment satisfied was made absolute.

Reynolds took a writ of error to the order of the court making the rule absolute, and assigned the order for error.

*J. M. Acheson,* for plaintiff in error.—The court had no power to decree satisfaction of the judgment for matters outside the record, without ascertaining the facts by an issue: Horner *v.* Hower, 3 Wright 126. A court has not power to strike off a

[Reynolds v. Barnes.]

judgment regular on its face: King v. Brooks, 22 P. F. Smith 363; Breden v. Gilliland, 17 Id. 34. To charge the bail in error, it is not necessary to issue execution against the principal: Smith v. Ramsay, 6 S. & R. 573.

R. Woods (with whom was S. Woods), for defendant in error.— A creditor who has in his power the means of payment and relinquishes it, releases the surety pro tanto: Cathcart's Appeal, 1 Harris 420; Commonwealth v. Miller, 8 S. & R. 452; Talmage v. Burlingame, 9 Barr 23; Manufacturers' & Mechanics' Bank v. Bank of Pennsylvania, 7 W. & S. 335; Spangler v. Sheffer, 19 P. F. Smith 255; Neff's Appeal, 9 W. & S. 36.

Mr. Justice WILLIAMS delivered the opinion of the court, January 4th 1875.

The depositions are no part of the record, and we cannot look into them for the purpose of ascertaining whether they show that the judgment as against Thomas Barnes was discharged or not. If the court had power to direct the judgment to be marked satisfied as to him, the presumption is that it was rightly exercised (Bain v. Funk, 11 P. F. Smith 185), and the order must be affirmed. Had the court then the power to make the order? Under the Act of 13th April 1851, Pamph. L. 612, the courts of the city and county of Philadelphia are authorized to direct satisfaction to be entered on judgments obtained therein of more than ten years' standing, upon being satisfied that they have been paid. And authority is given, by the Act of March 27th 1865, Pamph. L. 52, to any court of record of this Commonwealth to direct satisfaction to be entered on judgments obtained or be entered therein, if it shall appear by the production of the record that they have been fully paid, under and by virtue of an execution or executions issued thereon. It is plain that the judgment in this case is not embraced in the provisions of either of these acts, and it cannot be pretended that under them the court had power to direct it to be marked satisfied. If, then, no authority has been given by statute, has the court any common-law power to make such an order? Such a power is not a necessary attribute of the court, nor is it essential to the proper administration of justice. It is well settled that a court has no power summarily to strike off or vacate a judgment that has been regularly entered; King v. Brooks, 22 P. F. Smith 363. Why, then, unless authorized by statute, should it have power to direct it to be satisfied? If a judgment has been paid, the plaintiff may be compelled to enter satisfaction thereof under the Act of 13th April 1791. The satisfaction of a judgment is properly the act of the plaintiff, and it has not been the practice of the courts of this state to direct judgments to be marked satisfied by the prothonotary. There is no case which decides that

[Reynolds *v.* Barnes.]

they have the power, and the fact that it is not their practice to make such orders leads directly to the conclusion that the power does not exist. But the question cannot be treated as an open. one. It was virtually decided in Horner and McCann *v.* Hower, 3 Wright 126, that our courts have no power to strike from the docket a judgment regularly entered, or compel it to be satisfied; and in that case the order of the court below, directing the judgment to be satisfied and discharged of record, was accordingly reversed. Undoubtedly the court has power to order an issue to try whether the judgment as against the defendant, Thomas Barnes, has been actually paid or discharged; and if the jury find that it has, the court may order a perpetual stay of execution, and the defendant may compel the plaintiff to enter satisfaction under the Act of 1791. But the court had no power to direct judgment to be marked satisfied, and the order must therefore be reversed.

The order of June 22d 1874, making absolute the rule of May 2d 1874, is reversed, and the record is remitted.