# Riddle's Appeal.

1. In an application to the Court of Common Pleas to have a judgment marked satisfied, under the Act of March 14th 1876 (P. L. 7), it is essential to aver that actual payment of the judgment has been made in full. An allegation of set-off to the full amount of the judgment will not bring the application within the operation of the Act.

2. In such an application, a petitioner set out that the judgment was not fully paid, but that he claimed a set off to the amount remaining due thereon, which the plaintiff in said judgment refused to allow. The court granted a rule to show cause why the judgment should not be marked satisfied. The respondent filed an answer, denying the material

allegations of the application. The court appointed a commissioner to take testimony, and the parties litigant agreed in writing that said commissioner should "report the facts with his opinion to the court." *Held:*

(1.) That the averments of the application did not bring the petition within the intendment of the Act of March 14th 1876 (P. L. 7), and the granting of the rule to show cause was error.

(2.) That upon the filing of the answer, the rule should have been discharged, and the appointment of a commissioner was error.

(3.) That the said written agreement of the parties did not warrant the conclusion that they had consented to such appointment or had submitted the case to the commissioner as to an arbitrator or referee.

3. Felt *v.* Cook, 95 Pa. St. 247, followed.

October 3d 1883. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

APPEAL from the Court of Common Pleas of *Westmoreland county:* Of October and November Terms 1883, No. 18.

This was an appeal by W. H. H. Riddle from a decree of the said court ordering the entry of satisfaction of certain judgments held by said Riddle against John Steel.

The petition of said Steel, praying for a rule to show cause why satisfaction of said judgments should not be entered, set forth: That in 1875 the petitioner was the surety of a firm trading as Crusan, Kunkle & Co., on two judgment notes upon which judgments had been entered against said firm in favor of W. H. H. Riddle in the aggregate sum of $2,200. That on January 8th 1880, Riddle issued sci. fas. to revive said judgments against petitioner, who confessed two judgments thereon in the aggregate sum, for debt, interest and costs, of $2,621.15; that at the time of said confession of judgment and long prior thereto, W. H. H. Riddle was indebted to Crusan, Kunkle & Co., in the sum of $291.89, which sum the said firm directed should be set off as a credit on said judgments; that the petitioner at the time of such confession claimed from W. H. H. Riddle the said set off of $291.89 with interest; that Riddle and the petitioner then agreed that if the said sum were a proper credit, the confession should not prejudice the petitioner from having it so applied thereafter; that Riddle now refuses to allow the said credit; that petitioner has paid on said judgments to Riddle the sum of $2,326.

The court granted a rule to show cause why such judgments should not be marked satisfied.

Riddle filed an answer, denying all the material allegations of the petitioner.

On August 2d 1881, the court (HUNTER, P. J.,) appointed a commissioner to take testimony, and on December 23d 1881, the counsel for both parties agreed in writing that " the com-

missioner, in addition to taking testimony, report the facts to the court with his opinion."

The commissioner found the facts to be substantially as averred in the petition, reported that if the credit of the $291.89 and interest thereon was applied to the judgments against Steel, the petitioner would in that event have overpaid the respondent the sum of $25.46, and reported as a matter of law that the credit should be so applied and the said judgments be marked satisfied.

Exceptions to this report were dismissed by the court, and the report confirmed, HUNTER, P. J., filing the following opinion:—

"The Act of 14th of March 1876, provides for the granting such rules, and further that should it appear to the satisfaction of the court that the judgment has been fully paid as set forth in the application, the court shall direct the prothonotary to mark of record the satisfaction of the judgment. We think this Act only contemplates actual payment, and not cases where there are disputes as to whether claims or accounts in independent transactions between the parties should operate as credits on the judgments,—e. g. this case. No court would like to assume such responsibility. They could frame an issue, however, and call in the aid of a jury to determine the fact.

"But in this case the parties created their own tribunal to find (report) the facts with an opinion thereon, and we look upon the findings of the commissioner as analogous or equivalent to the finding of an Auditor whose report in this regard is conclusive and may not be set aside unless for plain mistake, said report having the weight of a verdict and will not be disturbed except for reasons that would justify the court in granting a new trial. In Speakman's Appeal, 71 Pa. St. R. 25, it is said : 'An Auditor's finding, if not supported by evidence, will be disregarded, but like a verdict must stand unless clearly against the weight of the evidence.' Had the question of fact in the present case been submitted to a jury we should not have disturbed the verdict had it been the same as the finding of the commissioner. Apart from this, he had the witnesses before him, examined them at length, and had better means of coming to a conclusion than we who have only the written testimony. We shall not disturb his finding for the reason given, and the same being adverse to the plaintiff and in support of the petitioner the rule must be made absolute.

"And now November 11th 1882, the commissioner's report is approved and the prothonotary is ordered and directed to mark of record, the said judgment satisfied and that the plaintiff in said judgment pay the costs of this proceeding."

W. H. H. Riddle thereupon took this appeal, assigning for

error the dismissal of his exceptions and the entry of the order as aforesaid.

*W. H. H. Riddle* (*J. A. Marchand*, with him), for appellant.

*Jac. Turney*, for appellee.

Mr. Justice TRUNKEY delivered the opinion of the court, November 12th 1883.

The power vested in the courts by the Act of March 14th 1876, P. L. 7, in relation to the entry of satisfaction of judgments which have been fully paid by the defendants, being in derogation of the right of trial by jury, must be strictly construed, and, therefore, limited to cases of actual payment in full. To hold that everything which could be given in evidence under the plea of payment in the trial of a pending suit, shall be treated as actual payment after judgment, would be a wide departure from the letter and spirit of the Act: Felt *v.* Cook, 95 Pa. St. 247. The Act is intended only for cases where it is clear that the judgment has been paid ; to give a summary remedy when the facts are undisputed. It does not apply when there is a substantial dispute about the facts : Horton *v.* Hopf, 4 W. N. C. 381.

In the application of the defendant he set out that the plaintiff's judgments were not fully paid, that he claimed the right to set off a debt upon book-account, and that the plaintiff refused to allow the set off. The plaintiff's answer to the rule to show cause stated his reasons for that refusal, and prayed the court to discharge the rule. But the court appointed a commissioner to take testimony, and afterwards the attorneys " agreed that the commissioner, in addition to taking testimony, report the facts to the court with his opinion."

Upon the facts set forth in the application, it was error to grant the rule to show cause. Taken as true, they made a case not within the operation of the statute. When the answer was filed the rule ought to have been discharged ; but instead, the court appointed a commissioner to take testimony. It does not appear that the parties consented to such appointment, or to a reference. They agreed that the commissioner might also report the facts with his opinion ; not that he should determine whether a book account should be set off against the plaintiff's judgments. They might have made an agreement that he should act as arbitrator or referee ; no set form of words or technical phrases were requisite for the making of it, but such words or acts were requisite as would clearly show a submission. From the commencement of the proceeding it affirmatively ap-

[Hoskinson v. Miller.]

peared that there was no case for the appointment of a commissioner, and that the plaintiff refused to allow the defendant's claim. Then, it ought not to be inferred from his agreement respecting the commissioner's report that the plaintiff submitted the dispute to a referee. It mattered not to him whether the commissioner or the court found the facts from the testimony, for neither had power to determine the controversy under the Act of 1876. The learned judge of the common pleas rightly concluded that this case was not within the intendment of the Act, but we think he erred in ruling that the parties created their own tribunal for disposition of the case, and thereupon ordering satisfaction of the judgments to be entered.

Decree reversed, application dismissed, and appellee to pay the costs.