## H. J. Shaylor, Appellant, *v.* Jesse Parsons.

*Satisfaction of judgment under act of March* 14, 1876.

Under the act of March 14, 1876, P. L. 7, empowering the court of common pleas to decree the entry of satisfaction of a judgment upon due proof that the same has been fully paid, the court can only decree satisfaction in cases of actual payment of the judgment in full by defendant, or in cases where there are such undisputed facts as produce a conclusive result of strict law that satisfaction equivalent to actual payment has been obtained. If there is any doubt or question as to the facts, or the inference to be drawn from them, the statute cannot apply.

On an application for a rule on plaintiff to enter satisfaction of two judgments defendant averred that the judgments were entered by virtue of warrants contained in personal property leases for certain horses. That on sale upon fi. fas. directed against said leaseholder's interest, plaintiff gave notice that purchasers would obtain no title to said property; plaintiff thereupon purchasing at the sale the property mentioned in said leases himself, took them from defendant's possession. Plaintiff filed an answer alleging that only a part of the rental due had been paid, and the arrears should be paid before he should be required to satisfy said judgments. *Held* that it was error to order satisfaction of the judgments.

Argued Jan. 20, 1896. Appeal, No. 4, Jan. T., 1896, by plaintiff from the orders of C. P., Bradford Co., February T., 1895, Nos. 486 and 487, making absolute the rule to show cause why judgments entered by confession in the above cases should not be satisfied. Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Reversed.

Rules to show cause why judgments (for $200 and $240 re-

282 SHAYLOR, Appellant, *v.* PARSONS.

Statement of Facts—Opinion of the Court. [1 Super. Ct.

spectively) confessed by virtue of warrants in leases of personal property should not be directed to be satisfied. The rules in both instances were made absolute on petition and answer filed by the defendant and plaintiff, both of which are set out in the opinion of the Superior Court.

*Error assigned*, was making absolute said rules.

*W. J. Young*, for appellant.—These contracts were bailments. The Supreme Court have so construed similar contracts in numerous cases.

*Delos Rockwell* of *Rockwell & Mitchell*, for appellee.—Plaintiff's action worked a rescission of the contract : Wolfe's App., 110 Pa. 126 ; Seanor & Bierers v. McLaughlin, 165 Pa. 150. The same rule holds as to real estate : Purviance v. Lemmon, 16 S. & R. 292 ; Bradley v. O'Donnell, 32 Pa. 279 ; Graff's Exrs. v. Kelly, 43 Pa. 453.

OPINION BY WILLARD, J., February 20, 1896:

Without entering into a discussion of the questions raised and presented in the paper-books of the parties, the judgment in the court below will have to be reversed for the reason that the record does not present a case warranting the court below in granting a rule to show cause why the judgments in question should not be satisfied and making the same absolute. It appears from the record that two judgments in the court below, the one to No. 486 February term, 1895, and the other to No. 487 February term, 1895, were entered for $200 and $240 respectively, and upon each of them were face costs of $4.25 each ; that on the 13th day of May, 1895, the attorney for the defendant Parsons, filed an affidavit in words and figures as follows : " Delos Rockwell (of the firm of Rockwell & Mitchell) attorney for Jesse Parsons in the above cases respectfully states that the above judgments were entered by virtue of a confession of judgment contained in personal property leases, one dated November 14, 1894, wherein the defendant leased of plaintiff one gray horse six years old, and one gray mare six years old, for and during the period of eight months. That by virtue of the same plaintiff did direct judgment to be entered January 29,

1895, for the sum of two hundred and forty ($240.00) dollars and costs as of No. 487 February term, 1895, and caused fi. fa. No. 3, May term, 1895, to be issued. That on January 29, 1895, plaintiff caused judgment No. 486 February term, 1895, to be entered by virtue of a confession of judgment contained in personal property lease bearing date September 28, 1894, calling for one bay mare eight years old and one bay mare six years old wherein defendant leased the same for ten months for two hundred and fifty ($250.00) dollars, payments, $25.00, October 28; $25.00 December 28; $25.00 February 28; $25.00 March 28; $25.00 April 28, and $25.00 July 28, for which judgment was entered for two hundred dollars and costs. Plaintiff issued fi. fa. No. 2 May term, 1895. That by virtue of the above he sold defendant's leasehold interest in the horses above mentioned in the above leases on February 23, 1895. That on the day of the sale plaintiff gave notice by his attorney that the purchasers would obtain no title to said property. That the said plaintiff purchased said property mentioned in said leases and took them from defendant's premises and possession.

                " (Signed)        DELOS ROCKWELL.
" Sworn and subscribed before
      " MIAL E. LILLY, Cle.k.
" May 13, 1895."

Upon filing the above affidavit the court granted rule to show. cause why judgment 486 and 487 February Term, 1895, should not be satisfied. On the 20th day of May, 1895, the appellant J. H. Shaylor filed an answer to the affidavit of Mr. Rockwell admitting the execution of the agreement dated the 28th of September, 1894, and stated that only $50.00 had been paid thereon by way of rental for the use of the horses; also admitting the execution of the agreement of November 9th, 1894, and that only $20.00 had been paid thereon; that there was $50.00 due and payable on the first named contract and $75.00 on the second. Also admitting the entry of the judgments, the issuing of the executions and the sale of the property; that at the sale there was presented a landlord's claim of $100, and labor claims amounting to $326.54; that only the interest of the defendant in the horses was sold and that the attorney of the landlord insisted upon the sale of all the property of the defendant and

that all the property was sold and brought the sum of $278, which remains in the sheriff's hands undistributed, and that he could not state what part, if any, would be applied to his executions; that in consequence of the claim for rent being made by the landlord as well as of another execution against the same defendant being in the hands of the sheriff at the same time, he was obliged to sell all of the property levied upon. In his answer appellant also states that he only claims the sum of $50.00 on judgment 486, and $75.00 on judgment No. 487, and that those sums should be paid before he should be required to satisfy his judgments, the said sums being for the use of said horses from the time defendant took possession of them to the date of issuing the execution on December 9, 1895. By opinion of Hon. Benjamin M. Peck, P. J., filed, the rule to show cause why the judgments should not be satisfied was made absolute. The action of the court as above stated can only be sustained under the provisions of the act of March 14, 1876. Prior to that act the court would have no right to direct a judgment to be marked satisfied without first directing an issue as to the question of payment: Horner v. Hower, 39 Pa. 126 ; Reynolds v. Barnes, 76 Pa. 427.

The act of March 14, 1876, provides as follows : " That in all cases where a judgment has been or may hereafter be entered in any court of record in this commonwealth, whether original or by transfer from any other court, the court having jurisdiction shall, upon application by defendant or defendants in said judgment, or of his, her or their legal representatives, or other person or persons concerned in interest therein, setting forth under oath that the same, with all legal costs accrued thereon, had been fully paid, grant a rule on the plaintiff or plaintiffs to show cause why the said judgment should not be satisfied of record at his, her, or their cost; and upon the hearing of such rule should it appear to the satisfaction of the court that said judgment has been fully paid, as set forth in the application of the defendant or defendants, the said court shall direct the prothonotary to mark such judgment satisfied of record, and shall also enter a decree requiring the plaintiff or plaintiffs, to pay all costs incurred in the premises."

In Felt v. Cook, 95 Pa. 247, GREEN, J., after quoting the act says : " The power there conferred is summary in character,

is in derogation of the common law, and is a denial of the right of trial by jury. Of course it must be limited to the express language of the act which confers it. To hold that under this act everything which could be given in evidence under a plea of payment in a pending adversary proceeding before verdict, must or may be treated as actual payment after verdict or judgment, would be a very wide departure from that strict construction which such legislation requires. The letter of the act as well as its manifest spirit and meaning alike demand that the exercise of the power conferred by it should be limited to the very case prescribed. That case is actual payment in full, but such is not this case."

And here we add that such is not the case before us. We have inserted herein the petition filed by the attorney of the appellee in the court below and the affidavit thereto attached, and do not hesitate to pronounce it as entirely inadequate to warrant the court below in granting a rule to show cause why the appellant's judgment should not be satisfied. In Riddle's Appeal, 104 Pa. 171, TRUNKEY, J., says: " The act is intended only for cases where it is clear that the judgment has been paid; to give a summary remedy when the facts are undisputed. It does not apply when there is a substantial dispute about the facts."

In Melan v. Smith, 134 Pa. 649, WILLIAMS, J., says: " The court has no power to apply cross demands, or set off judgments, or investigate original equities, in the proceeding, but the affidavit must set out actual payment of the judgment debt, interest and costs in full, or the rule will not be granted. On the hearing the proofs must show actual payment as alleged in full, for if the judgment is not satisfied in fact the statute gives the court no power over it. If the proofs do not show payment of judgment the court must discharge the rule for they have no power to inquire into any other facts." It also appears from this record that the face costs on each of these judgments, amounting together to $8.50, were incurred prior to the issuing of any execution and stood against the defendant by virtue of his own warrant of attorney, and in no event were these costs satisfied even if it could be held that the issuing of the execution and purchase of the property at the sheriff's sale by the appellant was a satisfaction of the judgments for the un

paid rent.    Nothing but a clear proof of the payment of the debt, interest and costs would warrant the court below in decreeing satisfaction of the record : Atkinson v. Harrison, 153 Pa. 472.

In this case the petition filed was not in compliance with the provisions of the statute, nor was the rule to show cause granted by the court below in conformity with the provisions of the act of assembly, and the order of the court making the rule absolute was also inadequate to satisfy the judgments of record as it was not in compliance with the terms of the statute in that it did not direct the prothonotary to mark the judgment satisfied of record, and contained no decree or order requiring the plaintiff to pay all costs in the premises.

And now, to wit, February 20, 1896, the judgment is reversed and the order of the court of common pleas of Bradford county of December 9, 1895, making absolute rule to show cause why judgments No. 486 and 487, February Term, 1895, in said court should not be satisfied, is set aside ; the costs of this appeal to be paid by the appellee.