# W. J. Hottenstein *v.* A. C. Haverly.

*Judgment—Opening judgment—Satisfying judgment—Practice.*

On a rule to satisfy a judgment the court may, without discharging the rule, make an order that the judgment be opened and the defendant be allowed to come in and defend. The better practice, however, in such a case would be to discharge the first rule and grant a rule to open.

On an issue to determine what, if anything, is due upon a judgment, defendant offered evidence tending to show that at a time when there was an execution out for the sale of his real estate on a venditioni exponas, he presented a petition to the court and obtained a stay of the writ; that dur-

ing the pendency of the stay an arrangement was made with the plaintiff by which the stay was to be discharged, in consideration of which the plaintiff was to accept the farm upon which the levy had been made; that the farm was to be sold, and that plaintiff was to accept in full consideration of the judgment the amount that he would realize from the sale of the farm, and that this arrangement had been fully carried out by defendant. *Held,* that the evidence was sufficient to carry the case to the jury, and that a verdict for defendant should be sustained.

Argued March 15, 1898. Appeal, No. 234, Jan. T., 1897, by plaintiff, from judgment of C. P. Sullivan Co., Sept. T., 1892, No 87, on verdict for defendant. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Issue to determine the validity of a judgment.

The facts appear by the opinion of the Supreme court.

*Errors assigned* among others were (1) in framing an issue, and in not discharging the rule to show cause why the judgment should not be marked satisfied of record; (2) in overruling the motion of plaintiff's counsel, which was as follows, viz: "Counsel for William J. Hottenstein moves that the rule for an issue in this case be discharged, for the reason that the petition upon which it is founded does not set forth that the judgment has been paid. And second, that the evidence in the case for the rule is confined to that of Dr. I. R. Park and it is flatly and squarely contradicted by William J. Hottenstein, the plaintiff in the judgment;" (3) in overruling the following motion of plaintiff's counsel: "Counsel for the plaintiff takes exception to the framing of the issue in this case, for the reason that the evidence is conflicting as shown by the deposition and answer of Mr. Hottenstein, the plaintiff, and that being the case, the act of 1876 does not apply, and we ask that the rule to satisfy the judgment be discharged;" (6) in submitting the case to the jury.

*D. C. De Witt,* with him *J. G. Scouten,* for appellant.—The issue was improperly granted: Atkinson v. Harrison, 153 Pa. 472; Riddle's App., 104 Pa. 171; Horton v. Hopf, 4 W. N. C. 381; Bank v. Hunsicker, 8 Pa. C. C. 635.

An agreement of terms in contemplation of a written contract is not a perfect agreement upon which an action can be

maintained.   To produce this effect, it must be shown by the acts or declarations of the parties that they intended the agreement to be operative before execution, and without regard to the writing : Maitland v. Wilcox, 17 Pa. 231 ; 1 Beach on Contracts, 94 ; MacMackin & Young v. Timmins, 14 W. N. C. 318 ; Orr's App., 67 Pa. 195.

*E. J. Mullen*, for appellee. —The authorities are clear that the court has the right to order an issue to determine whether or not a judgment has been paid or discharged : McCutcheon v. Allen, 96 Pa. 319 ; Salsberg v. Bartikoski, 6 Kulp, 235.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 4, 1898 :
This proceeding was commenced by defendant's petition to the court below, setting forth certain facts, and praying for a rule on the plaintiff to show cause why the judgment therein specified should not be satisfied.   The rule as prayed for was granted, and the matter was so proceeded in by taking testimony, etc.. that on January 14, 1896, the court made the following order :

" After consideration of the evidence, it is ordered that the above judgment, No. 87, September term, 1892, be opened and the defendant is allowed to come in and defend.   And an issue is formed wherein W. J. Hottenstein shall be plaintiff and A. C. Haverly defendant, to ascertain whether said judgment has been paid or not."

In due course, this issue came on for trial by jury, and in May, 1896, a verdict in favor of the defendant was rendered, and afterwards judgment was entered thereon for costs.

The first three specifications allege error in granting the issue and in not discharging the rule to show cause why the judgment should not be marked satisfied of record, etc.

While it would perhaps have been more regular to have discharged that rule and entertained an application to open the judgment, etc., the court, having all the evidence before it, was not bound to pursue that course.   In its discretion, it acted upon the evidence adduced by the parties, and made the order above quoted.   In this, there was no error that would justify a reversal of the judgment and vacation of the order awarding the issue.

The remaining specifications, fourth to seventh inclusive, complain of the rulings of the learned trial judge therein referred to. It is unnecessary to consider these specifications in detail. We find nothing in the record that would justify us in sustaining either of them. The issue under the evidence involved questions of fact which were clearly for the consideration of the jury, and were submitted to them in an impartial and fully adequate charge of which the plaintiff in the issue has no just reason to complain.

The defendant's contention was that while there was an execution out for the sale of his real estate on a venditioni exponas, he presented a petition to the court and obtained a stay of that writ, and that "during the pendency of that stay an arrangement was made with the plaintiff by which the stay was to be discharged, and in consideration of that the plaintiff in that suit was to accept the farm upon which the levy had been made; that the farm was to be sold and that plaintiff was to accept, in full consideration of the judgment, the amount that he would realize from the sale of that farm;" and, on the part of the defendant, that arrangement was fully carried out. The evidence in support of this contention was quite sufficient to carry the case to the jury on the controlling questions in the case, and by their verdict they found the facts in defendant's favor.

Judgment affirmed.