# Brader *v.* Alinikoff, Appellant.

*Judgments—Opening judgments—Terms—Compromise—Settlement.*

On a petition to open a judgment, it was averred that it had been obtained for want of a sufficient affidavit of defense, and that the defendant, in consideration of not taking an appeal, had secured a compromise, on which payments had been made, that, according to the compromise, nothing more was due, and that a fi. fa. had been issued in violation of the terms of settlement.

In such case, the judgment should not be opened, but an issue should be framed to determine how much was due on it.

The power of the court to open, where a judgment is entered in adverse proceedings, ends with the term, and a judgment for want of a sufficient affidavit of defense is not a judgment by default. But where the facts disclose the terms of settlement, and the allegation is made that the agreement has been fulfilled, an issue should be granted and the jury should decide on the facts and ascertain what, if anything, is still due and owing.

Argued March 3, 1925. Appeal, No. 38, Feb. T., 1925, by defendant, from order of C. P. Luzerne Co., Jan. T., 1923, No. 115, discharging rule to open judgment in the case of R. R. Brader v. Jacob Alinikoff. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Rule to open judgment before GARMAN, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the decree of the court.

*J. H. Dando,* and with him *G. B. Kleeman* and *Edwin H. Sheporwich,* for appellant, cited: Kensington Bank v. Little, 7 W. N. C. 406; Lewis v. Linton, 24 Pa. C. C. 188; O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136.

*Charles M. Bowman,* and with him *James M. Stack,* for appellee, cited: Phila. & Reading R. R. Co. v. Christman, 4 Pennypacker 271; Abeles & Co. v. Powell, 6 Pa. Superior Ct. 123; Miller v. Baker, 64 Pa. Superior Ct. 124.

OPINION BY TREXLER, J., April 28, 1925:

The court entered judgment against the defendant for lack of proper service of the affidavit of defense, and also for want of a sufficient affidavit of defense. This judgment was entered on July 9, 1923, for $2,247. On the 20th day of March, 1924, defendant presented his petition to the court stating that the day after judgment was entered the defendant spoke to plaintiff and endeavored to effect a settlement, and was directed by plaintiff to enter negotiations with his attorney for the settlement of the claim, that in pursuance of such directions on the 8th day of August, 1923, he made an arrangement with the attorney by which in consideration of the defendant not taking the appeal to a higher court plaintiff would accept $2,240 as a compromise in full payment of said judgment including costs; that said sum was paid from time to time and that under such an arrangement there was nothing more due and owing on the judgment and notwithstanding such agreement a fi. fa. had been issued in violation of the terms of the settlement. The prayer of the petitioner was that a rule should be granted to show cause why the judgment should not be opened and the defendant let into a defense, the proceedings meanwhile to be stayed. Testimony was taken upon the rule. The plaintiff and his wife swore that the arrangement was made, whilst the defendant's attorney denied any such agreement. The

court refused the relief prayed for, stating that the ground for the application to open did not allege anything occurring prior to the entry of the judgment but solely to matters arising after and that the term having expired there could not be an opening of the judgment as the power to open judgments after the term applied only to such as were entered by default or confession. There is no question that this is the law. The power of the court to open where the judgment is entered in adverse proceedings ends with the term: King v. Brooks, 72 Pa. 363; McCready v. Gans, 242 Pa. 364; Dean v. Munhall, 11 Pa. Superior Ct. 69; Miller v. Baker, 64 Pa. Superior Ct. 124. At least this is the case in common law proceedings: Kantor v. Herd, 276 Pa. 519, 524. Nor could the court direct satisfaction to be entered under the Act of March 14, 1876, P. L. 7, as there was a substantial dispute about the facts: Riddle's App., 104 Pa. 171; Felt v. Cook, 95 Pa. 247; Melan v. Smith, 134 Pa. 649; O'Connor v. Flick, 265 Pa. 49. A judgment for want of a sufficient affidavit of defense is not a judgment by default: Abeles v. Powell, 6 Pa. Superior Ct. 123. Notwithstanding these authorities, we think the rule should not have been discharged. The petition alleges certain facts and the relief sought by the defendant should not have been denied. The proper practice is indicated in the case of Anderson v. Best, 176 Pa. 498. There the defendant filed a petition to open the judgment on the ground that the bond was without consideration. The petitioner failed to establish his case but it appeared that payments on account had been made and the whole sum named in the bond was not due. The opinion of the Supreme Court states: "The learned judge therefore filed an opinion declaring there was no cause shown for opening the judgment, but directing an issue to determine how much was due upon it. This was the correct practice if the amount actually due was in doubt." This was following the practice defined as the proper course in Horner & McCann v. Hower, 39 Pa. 126;

Reynolds v. Barnes, 76 Pa. 427; McCutcheon v. Allen, 96 Pa. 319. An issue should be granted and a jury should decide on the facts and ascertain what if anything is still due.

The order of the lower court discharging the rule is reversed, and the court is directed to award an issue in order that the matters in dispute may be tried by a jury.