# Olekszyk *v.* Walelko, Appellant.

*Judgments—Opening judgments—Issue as to amount due.*

On a rule to open a judgment, where there are no facts which would warrant the granting of the rule, but where there is a question as to whether payments have been made on account, and what amount is due, an issue should be framed and such questions submitted to a jury.

Argued October 12, 1927.   Appeal No. 142, October
T., 1927, by defendants from judgment of C. P., No.
3, Philadelphia County, September T., 1926, No. 14,718,
in the case of Antonio Olekszyk v. Sebastian Walelko
and Josefa Walelko.   Before PORTER, P. J., HENDER-
SON, TREXLER, KELLER, LINN, GAWTHROP and CUNNING-
HAM, JJ.   Reversed.

Rule to open judgment.   Before DAVIS, J.

The facts are stated in the opinion of the Superior
Court.

The court discharged the rule.   Defendants ap-
pealed.

*Error assigned* was the decree of the court.

*Albert T. Hanby,* and with him *Frank Bechtel, Jr.,*
for appellants.

*Felix Piekarski,* for appellee.

OPINION BY TREXLER, J., March 2, 1928:

This matter came before the lower court upon a
petition to open judgment and let defendants into de-
fense.   An answer was filed, depositions were taken
in support of defendant's petition and counter-deposi-
tions by the plaintiff, after argument, the court dis-
charged the rule.   No opinion was filed.   There is no
question that the judgment was confessed for the sum
of money then due and strictly speaking, no reason
was offered why the judgment should be opened.

The defendants, however, have deposed that when
the money was borrowed, there was an agreement that
plaintiff should come and live with the defendants and
whatever he owed for board should be applied in part
liquidation of the judgment from time to time.   This
arrangement was subsequently recognized by plaintiff
and when demand was made for the payment of board,

the defendants were directed to apply the amount due for board on the debt they owed to plaintiff. This testimony of the defendants was corroborated by other witnesses and although denied by the plaintiff and one witness, raised a question as to payment and as to the amount still due upon the judgment which in the absence of any good reason to the contrary entitled the defendants to have the matter decided by a jury.

As we have observed before, the lower court filed no opinion and we are, therefore, unable to ascertain what reason induced it to refuse the petition. As stated before, the judgment should not be opened, but an issue should be framed to determine how much is due on it. The proper practice is indicated in the case of Anderson v. Best, 176 Pa. 498, where there were no facts authorizing the opening of the judgment, but the question whether payments on account had been made and whether the whole sum was still due on the bond was submitted to a jury. We followed that practice in Brader v. Alinikoff, 85 Pa. Superior Ct. 285.

The order of the lower court discharging the rule is reversed, and the court is directed to award an issue in order that the matters in dispute may be tried by a jury.