## Bridesburg Building Assn. v. Bailey

*Richard Crankshaw, Jr.,* for plaintiff.
*A. J. Nydick,* for defendant.

ROSEN, J., May 1, 1939.—This is a rule to strike off the satisfaction of a judgment.

Petitioner was the holder of a mortgage in the sum of $2,500 on premises 1115 East Montgomery Avenue, Philadelphia. On May 6, 1935, judgment was entered on the bond accompanying this mortgage. Execution under this judgment was issued and the mortgaged premises were sold to petitioner for the sum of $50 on June 10, 1935.

On January 8, 1936, by order of defendant's attorney, approved by a judge of this court, the judgment in this case was satisfied by the prothonotary acting pursuant to the provisions of the Mortgage Deficiency Judgments Act of July 1, 1935, P. L. 503. This act required a mortgagee in foreclosure proceedings to fix the fair value of the mortgaged premises within six months after the sheriff's sale, and, if he failed to do so, provided in section 8 thereof that "the prothonotary shall enter satisfaction of such judgment upon the written motion of the defendant . . . Provided, however, That such motion bears the written approval of a judge of the court out of which the execution issued."

The original Mortgage Deficiency Judgments Act of January 17, 1934, P. L. 243, was declared unconstitutional in Beaver County B. & L. Assn. v. Winowich et ux., 323 Pa. 483, upon the ground that it violated the impairment of obligations clause of the Federal Constitution. The next Mortgage Deficiency Judgments Act of 1935, supra, under whose provisions the judgment in this case was satisfied, was modeled upon the original and expressly declared that it was a continuation of the former. This later act was also declared unconstitutional in Shallcross et al., etc., v. North Branch-Sedgwick B. & L. Assn., 123 Pa. Superior Ct. 593, upon the authority of Beaver County B. & L. Assn. v. Winowich et ux., supra.

The power of our courts to compel the satisfaction of judgments is purely statutory: Reynolds v. Barnes et al., 76 Pa. 427. The act under which this judgment was satisfied having been declared unconstitutional, the satisfaction was unauthorized and should be stricken off:

Beaver County B. & L. Assn. v. Winowich et ux., supra.

Defendant, however, insists that the present petition to strike the satisfaction was filed too late because of the Act of March 24, 1937, P. L. 112, which provides:

"That no judgment which has been satisfied by any prothonotary in accordance with the [Deficiency Judgments Acts of January 17, 1934, P. L. 243, and July 1, 1935, P. L. 503] . . . shall be the subject of any proceeding, the purpose of which shall be to open or to revive or to strike off the satisfaction of such judgment, unless proceedings therefor be begun within three months from the effective date of this act."

This act went into effect upon its final enactment on March 24, 1937. The present application was filed on January 11, 1939, almost two years after the effective date of this act.

We are of the opinion that the above-mentioned Act of March 24, 1937, P. L. 112, violates article III, sec. 7, of our State Constitution, which provides:

"The General Assembly shall not pass any local or special law. . . . Regulating the practice or jurisdiction of, or changing the rules of evidence in, any judicial proceeding or inquiry before courts . . ." Uniformity of legal procedure was the object aimed at by this provision of our Constitution: City of Phila. v. Haddington M. E. Church, 115 Pa. 291; Philadelphia & Reading Ry. Co. v. Walton, 248 Pa. 381. It was "intended to prevent favoritism in legislation, whether as regards individuals or localities": Collins v. Commonwealth, 262 Pa. 572, 575. Regulation under this section must be by general laws.

While classification is permitted under this section of our Constitution, "Class legislation, discriminating against some and favoring others is prohibited": Miller v. Myers et al., 300 Pa. 192, 201. Class legislation is permitted only where there is a "necessity springing from manifest peculiarities, clearly distinguishing those of one class from each of the other classes, and imperatively demanding legislation for each class, separately, that would

be useless and detrimental to the others": Pennsylvania Co., etc., et al. v. Scott, Prothonotary, et al., 329 Pa. 534, 538.

The Act of March 24, 1937, P. L. 112, is not a general law. It does not apply to all satisfactions of judgments but only to those entered under two void acts of assembly. Proceedings to open, to revive, or to strike off the satisfaction of other judgments are not subject to the three-month limitation fixed by this act. The act, therefore, does not make for uniformity of legal procedure. Furthermore, this act was intended to and does favor certain mortgage debtors. It was passed after the legislative attempt to favor all mortgage debtors had failed, and was obviously designed to save for some of them the benefit of legislation which our Supreme Court has held our legislature was powerless to pass.

The persons benefited by the act under consideration are a definite group which were ascertainable at the time the act in question was passed.

"It is a special Act, in that it is designed for a particular purpose, and is applicable only to particular persons": Strine, etc., v. Foltz & Bro., 113 Pa. 349, 359.

Aside from the desire of the legislature to benefit these particular judgment debtors, there seems to be no "necessity springing from manifest peculiarities" which would justify our legislature in legislating specially as to them. Such favoritism is the very evil which the foregoing provision of our Constitution was designed to prevent.

For the foregoing reasons, the rule to strike off the satisfaction of the judgment in this case is made absolute.