## Time Sales Finance Corporation *v.* F. W. Lang Company, Appellant.

Argued January 10, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Arnold M. Snyder,* with him *Snyder and Snyder,* for appellants.

*Oscar Spivack,* with him *Samuel C. Nissenbaum,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 15, 1968:

These are appeals from orders of the Court of Common Pleas of Delaware County dismissing appellants' petitions to satisfy certain judgments and assessing

damages against them in the amount of $12,519.10 without interest.

Appellants, in an effort to require appellee to satisfy the judgments, filed petitions to satisfy in the court below in accordance with the requirements of the Act of 1876. This Act provides, inter alia: *"In all cases where a judgment has been . . . entered* in any court of record in this commonwealth, . . . *the court* having jurisdiction *shall, upon application* by the defendant . . . in the said judgment, . . . *setting forth,* under oath, *that the same, with all legal costs* accrued thereon, *has been fully paid,* grant a rule on the plaintiff . . . to show cause why the said judgment should not be marked satisfied of record, at his . . . costs; and *upon the hearing of such rule, should it appear to the satisfaction of the court that said judgment has been fully paid,* as set forth in the application of the defendant . . ., *the said court shall then direct the prothonotary to mark such judgment satisfied* of record, and shall also enter a decree, requiring the plaintiff . . . to pay all costs incurred in the premises." (Emphasis supplied.) Act of March 14, 1876, P. L. 7, §1, 12 P.S. §978.

In *Gretz v. Esslinger's, Inc.,* 428 Pa. 90, 236 A. 2d 508 (1967), our Court interpreted the Act of 1876 to require the satisfaction of a judgment only in the event it clearly appears that the judgment has been "fully paid." See also, *Melan v. Smith,* 134 Pa. 649 (1890); *Riddle's Appeal,* 104 Pa. 171 (1883); *Felt v. Cook,* 95 Pa. 247 (1880). After reviewing the record in the instant case, we are of the opinion that the court below in no way abused its discretion by finding that the judgments had not been "fully paid." Since there was no clear proof that the judgments were actually paid in full, the dismissal of the petitions to satisfy was quite proper under the circumstances. To that extent the orders of the court below must be affirmed.

However, the Act of 1876 *only* empowers a court to direct or not to direct the prothonotary to mark a judgment satisfied of record when the court deems the judgment "fully paid." Notwithstanding this limitation on the court's power, the court below in addition to denying the request to satisfy the judgments entered an order assessing damages against appellants in the amount of $12,519.10, the balance allegedly still owed appellee. Since the court below misconstrued the permissible area of authority granted it by the Act of 1876, we are constrained to strike that part of the order assessing damages against appellants.

Orders affirmed as modified.

---

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I agree that there was no clear proof that the judgment had been paid and thus concur in that part of the majority's opinion affirming the dismissal below of appellant's petition to satisfy. However, I believe that the majority is mistaken in its belief that, in the circumstances here presented, the court below could not determine the amount owed appellee on the judgment.

The majority's premise that all the court below was permitted to do was to dismiss the petition is clearly refuted by our cases. In *Hottenstein v. Haverly*, 185 Pa. 305, 39 Atl. 946 (1898), the trial court issued an order opening the judgment and letting defendant into a defense. The judgment creditor appealed, contending that all the court could permissibly do under the statute was to discharge the rule to show cause why the judgment should not be marked satisfied. We affirmed the action below (supra at 307, 39 Atl. at 946-47): "While it would perhaps have been more regular to have discharged that rule [to show cause why judg-

ment should not be marked satisfied] and entertained an application to open the judgment, etc., the court, having all the evidence before it, was not bound to pursue that course. In its discretion, it acted upon the evidence adduced by the parties, and made the order . . . [to open the judgment]. In this, there was no error that would justify a reversal of the judgment and vacation of the order awarding the issue." Following the lead of *Hottenstein,* trial courts have frequently awarded an issue to determine the amount owing in an action brought under the Act of 1876 where the creditor disputed the fact of payment. See, e.g., *Gluck v. Morelli Brothers,* 11 Chester 293 (C.P. 1963); *McCann v. Hedin,* 2 Bucks L. Rptr. 83 (C.P. 1952), aff'd, 377 Pa. 508, 105 A. 2d 594 (1954); 7 Std. Pa. Practice, ch. 32, §41 at 818 (1961). The fact that the trial court is not confined to a discharge of the rule is demonstrated by *Riddle's Appeal,* 104 Pa. 171 (1883) where this Court stated that, *if the parties consent,* the court could appoint a referee to determine the amount owing. A fortiori, if a referee could make this determination, the court itself could.

I am convinced that appellant's conduct, as revealed by the record below, clearly demonstrates that it consented to a determination by the trial court of the amount owed to appellee. During oral argument on appellant's petition, appellant admitted that at least some $2,500 was still owed appellee. (Record at 25a-26a, 31a-32a.) Yet, admitting that it was not entitled to have its judgment marked satisfied, appellant continued to press the merits of the amount actually owing. From this conduct alone it would be permissible for the court to conclude that appellant wished to have adjudicated the amount it owed appellee, and thus consented to the action taken by the court below. Yet I need not rest on an inference drawn from the conduct

of appellant's counsel, for the record below contains the following colloquy (record at 34a) : "THE COURT: If you want. If you want to rely on the statements produced and submit briefs, I will be glad to take it under advisement. If you want to produce testimony, go ahead, it is up to you. I think we have enough of a record right now. MR. SNYDER [Counsel for appellants] : I don't see why we can't do it. . . . If they are willing to submit this on briefs now so that you may make a decision on the law, that is fine; I will submit a brief and have it subject to your decision." Immediately after this colloquy, appellants' counsel stressed that time was of considerable importance to appellant since the presence of appellee's judgment was impairing appellants' ability to obtain credit.

Furthermore, the argument on the motion has narrowed the area of dispute to one issue—whether the creditor has given the debtor proper credit for amounts paid. (Record at 30a.) This issue was solely one of law, i.e., whether the creditor had complied with the Act of May 28, 1858, P. L. 622, §1, as amended, 41 P.S. §3, permitting an interest rate in excess of 6 percent to be charged when an express contract so allows. There were therefore, in my view, no contested factual issues for submission to a jury. I thus conclude that the trial court properly decided that the parties had consented to a determination of the amount appellants owed appellee on the judgment and can find no justification for the waste of judicial resources required by the majority's remand. However, since the majority expresses no view as to whether the court below properly adjudicated the issue of the amount owed, I likewise refrain from expressing my view.