## Stock v. York Bank and Trust Company

[redacted]

*Harvey Freedenberg,* for plaintiff.
*Jack R. Ream,* for defendant.

BUCKINGHAM, *J.,* December 2, 1980—Plaintiff has filed an amended complaint in assumpsit against defendant to which defendant has filed a preliminary objection in the form of a demurrer.

Plaintiff alleges that on or about June 29, 1967 plaintiff and York Bank and Trust Company, Trustee of Charles H..Bear's Estate and defendant, executed a demand note, bond, and mortgage to secure a loan of $650,000 from defendant to plaintiff and trustee. All these documents are attached to the amended complaint. The bond specifies an interest rate of five and one-half percent and five and one-half percent is written on the demand note. No other reference is made to interest.

Plaintiff and trustee also executed a rent collection agreement, appointing William Stock as rental agent and authorizing him to collect rent on a prop-

erty and to pay defendant the monthly payment on the loan in question. In 1970 William Stock was replaced by defendant as rental agent.

Plaintiff alleges that defendant gradually raised the five and one-half percent interest over the years to nine percent without her knowledge or consent. Therefore, plaintiff seeks to recover the excess interest.

Defendant argues that plaintiff does not state a cause of action because defendant had a right to require interest at its prevailing rate based upon the demand note.

In order to sustain a demurrer, the court must consider all facts alleged by plaintiff as true and may not consider any other facts or collateral matters. Demurrers are sustained only in clear cases where it is certain that plaintiff cannot recover. All doubts are construed in favor of the plaintiff: Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976). Applying these standards to the instant case, it is clear that defendant's preliminary objection must be dismissed.

Defendant contends that it had the right to require interest at its prevailing rate. The Uniform Commercial Code, 13 Pa.C.S.A. §3118(4) states that: "Unless otherwise specified a provision for interest means interest at the judgment rate at the place of payment from the date of the instrument, or if it is undated from the date of issue." In Time Sales Finance Corp. v. F.W. Lang Co., 55 Del. Co. 228 (1967), modified on other grounds, 428 Pa. 468, 239 A. 2d 337 (1968), the court held that 12A P.S. §3-118(d), now 13 Pa.C.S.A. §3118(4), was inapplicable where the interest rate was "otherwise specified," and that, therefore, the prevailing rate of interest could not be charged. In the instant case,

all these documents clearly specify an interest rate of five and one-half percent. The bond states the interest is five and one-half percent, the note has five and one-half percent written on it, and the rent collection agreement recites the five and one-half percent interest rate in paragraph seven. Thus, since the interest rate was "otherwise specified," defendant is bound by that rate.

Defendant's principal argument is that because defendant had the right to demand payment of the note at any time, it could have caused the payors to execute a new note at its prevailing rate of interest. While it is true that defendant could have made a demand at any time, it nevertheless remains the law that "a contract, once made, can be altered or changed only by consent." 8 P.L.E., Contracts §291.

In Phipps v. Page, 68 Pitts. L.J. 597, 36 Montg. 322 (1920), the parties had a mortgage agreement stipulating three and one-half percent interest before and after maturity. Although the mortgagee gave no notice, a higher rate of interest was demanded of the mortgagor. The court held that the mortgagor was liable for only three and one-half percent interest, holding that if the agreement was made, it could be terminated at any time by the plaintiffs' giving notice of an intention to terminate it. Here, defendant at least owed plaintiff notice of the alteration of the interest rate. Plaintiff then would have had the choice of whether to agree to the increased rate or take some other action upon defendant's demand of payment of the loan.

Pursuant to 13 Pa.C.S.A. §3118(5), plaintiff was and is liable with the trustee on the note. Accordingly, she also was entitled to notice of her changing obligation under the note. Plaintiff has stated a cause of action, and defendant's preliminary objection shall be dismissed.

## ORDER

And now, December 3, 1980, defendant's preliminary objection to the complaint is dismissed with leave to defendant to file an answer thereto within 30 days of the date of this order.

An exception is granted to defendant.