Felt & Co., for use of Gifford, *versus* Cook & Hackett. Gifford's Appeal.

| 95 | 247 |
| 134 | 654 |
| 95 | 247 |
| 153 | 475 |

1. The power conferred upon the court, under the Act of March 14th 1876, to decree the entry of satisfaction of a judgment upon due proof that the same has been fully paid, is summary in its character, and in derogation of the common law and a denial of the right of trial by jury, and it must therefore be limited to the express language of the act.

2. The letter of the act, as well as its manifest spirit and meaning, alike demand that the exercise of the power conferred by it should be limited to this very case prescribed, which is actual payment in full.

3. Per GREEN, J.—To hold, that under this act, everything which could be given in evidence under the plea of payment in a pending adversary proceeding before verdict, must or may be treated as actual payment after verdict and judgment, would be a very wide departure from the strict construction which such legislation requires.

June 21st 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J. absent.

Error to and appeal from the Court of Common Pleas of *Cameron county:* Of May Term 1880, Nos. 139, 140.

On November 19th 1873, L. G. Cook recovered a judgment against J. P. Felt and S. S. Hackett, who were partners. The action was in tort and the amount of the judgment was $206.50. Execution was issued thereon, which the court stayed because of pending proceedings in bankruptcy against said defendants. On November 30th 1873, J. P. Felt and S. S. Hackett, trading as Felt & Co., recovered a verdict against L. G. Cook, and S. S. Hackett, trading as Cook & Hackett, for the sum of $200.29. On the 24th of October 1873, Felt and Hackett, trading as Felt & Co., were adjudicated bankrupts and afterwards discharged. The assignee in bankruptcy exposed the latter claim to sale at auction, and it was sold to one Gifford for $25. On March 27th 1879, Gifford paid the jury fee, entered judgment and issued execution, when the defendants took a rule to show cause why the judgment of Cook against Felt and Hackett, individually, should not be set off against the judgment of Felt and Hackett (Felt & Co.) against Cook & Hackett, which rule the court, Williams, P. J., discharged.

Subsequently Cook obtained a rule upon Gifford, under the Act of March 14th 1876, Pamph. L. 7, to show cause why said judgment should not be marked satisfied of record and fully discharged, for the reason that the same was fully paid by operation of law, and by the judgment of said Cook against Felt & Hackett.

[Felt *v.* Cook.]

The material portions of the Act of 1876 will be found in the opinion of this court.

The court below, after argument, made the rule absolute, Wilson, A. L. J., in an opinion, inter alia, saying:

" The rule pending in this case requires the court to determine whether these judgments, under these circumstances, satisfy each other pro rata by operation of law. This rule cannot be maintained at common law, and we regard it as equally apparent that our statute of set-off cannot be enforced under this mode of procedure. Hence, if this rule can be sustained at all, it must be by virtue of the 20th section of the Bankrupt Act, which reads as follows, viz. :

" ' That in all cases of mutual debts or mutual credits between the parties, the account between them shall be stated, and one debt set off against the other, and the balance only shall be allowed or paid.' It is claimed that the judgment of Cook against Felt & Hackett, being a recovery on a claim in tort, is not embraced in the act under the phrase ' mutual debts and mutual credits.' This statute is entitled to a more liberal construction than a mere statute of set off. Its language has in it the elements of adjustment and satisfaction. ' The account between them shall be stated, and one debt set off against the other, and the balance only shall be allowed or paid.' These instructions are to the assignee, and it is his duty to strictly comply. The spirit as well as the letter of this act ought to be regarded in its construction, and neither ought to be restricted or hampered to the detriment of equal justice between the parties.

" General principles and the language and spirit of the act combine in leading me to the conclusion that the phrase ' mutual debts and mutual credits' means any claim that might be successfully proved before the register, or that may or shall be recovered by action against the estate. And especially may it include a verdict or judgment rendered against the bankrupt before the assignee was appointed. The spirit of the act seems to have adopted the rule in equity as stated by Lord Mansfield, viz., that natural equity requires that cross demands should compensate each other by deducting the less from the greater, and the difference only is the sum that can be justly due.

" It may be objected that these principles have not been applied to this case, and that the judgment stands in full force. Equity permits the court to consider that as done which in equity and good conscience ought to have been done. * * * We may entertain doubts as to the mode and correctness of our reasoning in this case, but we have no doubt of the correctness of our conclusion—that it would be unjust to suffer this judgment to be collected. The rule is made absolute, and it is ordered and decreed that the judgment be marked satisfied upon the record."

[Felt v. Cook.]

Gifford then took this writ and appeal, and alleged that the court erred in this action.

*John G. Hall* and *C. H. McCauley,* for appellant and plaintiff in error.—We submit that the jurisdiction of the court to decree satisfaction of a judgment is confined to cases of actual payment, and does not exist where there is an alleged payment by operation of law, arising merely from the existence of an equitable defence. A judgment might be equitably extinguished by a failure of consideration, but the court cannot summarily satisfy it on proof of the facts. And so of all cases of merely equitable or legal defences by way of set off. They are not payment in the proper and legal sense of the word.

A review of the legislation on the subject fortifies this view. Originally the court had no power to direct satisfaction. Then came the Act of April 11th 1856, authorizing the prothonotary to enter satisfaction when the original instrument is produced, with plaintiff's receipt endorsed in presence of two witnesses, and the satisfaction is allowed by a judge's certificate. Then the Act of March 27th 1865, authorized the prothonotary, under the direction of the court, to satisfy a judgment where, by the production of the record, it appears to have been fully paid, under or by virtue of an execution. Finally, the Act of March 14th 1876, authorizing the court to direct the prothonotary to mark a judgment satisfied of record where, upon the hearing of a rule for that purpose, it should appear to the satisfaction of the court that said judgment has been fully paid. In this case, the only payment found by the court, or alleged by the defendant below, was a mutual extinguishment, resulting, as the court thought, from the provisions of the bankrupt law. We submit that this was not payment within the intent and meaning of the Act of Assembly authorizing satisfaction by the court.

*A. G. Olmstead* and *Newton & Green,* for appellees and defendants in error.—The construction given to the Act of Assembly by the appellant is too narrow, and destroys the purpose intended by the legislature. Although the words " fully paid" are employed in the act, it can hardly be supposed that the legislature intended this act to be inapplicable except in cases where defence was such as could only be given in evidence under the technical plea of payment, but if this be the rule it is submitted that the act is broad enough to cover this case. The rule of the Pennsylvania law that, under the plea of payment with leave, evidence may be given which shows that *ex œquo et bono* the plaintiff ought not to recover, is adopted by the Circuit Court: Latapee *v.* Pecholier, 2 W. C. C. R. 180; King *v.* Diehl, 9 S. & R. 409; Hartzell *v.* Reiss, 1 Binn. 289.

[Felt *v.* Cook.]

Mr. Justice GREEN delivered the opinion of the court, October 4th 1880.

This was an application to the court below to direct a judgment to be marked satisfied. The application was necessarily made under the Act of 14th March 1876, because the power of the court to make such an order without the verdict of a jury, and where satisfaction has not been obtained by execution process, exists only by force of that statute. It had been decided by this court that even upon allegation and proof of payment of a judgment, the court had no power to strike it off or direct it to be marked satisfied, and that the only remedy of the defendant in such a case was to apply for an issue to determine whether the judgment had been paid: Horner & McCann *v.* Hower, 3 Wright 126. The Act of 1876, however, did confer upon the courts of record in this Commonwealth, in which judgments were entered, the power to order such judgments to be marked satisfied upon a proper application and proofs. The language of the act is as follows: Bright. Purd. 2027, pl. 1: "In all cases where a judgment has been or may hereafter be entered in any court of record in this Commonwealth, whether originally or by transfer from any other court, the court having jurisdiction shall, upon application by the defendant or defendants in said judgment, or of his, her or their legal representatives, or other person or persons concerned in interest therein, setting forth under oath that the same, with all legal costs accrued thereon, has been fully paid, grant a rule on the plaintiff or plaintiffs to show cause why the said judgment should not be marked satisfied of record, at his, her or their costs; and upon the hearing of such rule, should it appear to the satisfaction of the court that such judgment has been fully paid, as set forth in the application of the defendant or defendants, the said court shall then direct the prothonotary to mark such judgment satisfied of record, and shall also enter a decree requiring the plaintiff or plaintiffs to pay all costs incurred in the premises."

The power thus conferred is summary in character, is in derogation of the common law, and is a denial of the trial by jury. Of course, it must be limited to the express language of the act which confers it. To hold that under this act everything which could be given in evidence under the plea of payment in a pending adversary proceeding before verdict, must or may be treated as actual payment after verdict and judgment, would be a very wide departure from that strict construction which such legislation requires. The letter of the act as well as its manifest spirit and meaning, alike demand that the exercise of the power conferred by it should be limited to the very case prescribed. That case is actual payment in full, but such is not this case. Instead of actual payment in full, the defendant's petition shows there was no payment whatever of any part of this judgment. It is not even claimed that

[Felt *v.* Cook.]

there was a right of set-off against it. The court below held there was not, and of that decision there is no complaint. One of the defendants contends that a certain judgment which he recovered against the two individuals who compose the partnership plaintiff in the present case has paid the judgment of the firm against him and his co-defendant by operation of law. No authority is cited in support of this position, and we have no knowledge of any. The very doubtful merits of the defence set up under the bankrupt law do not require consideration, as we have no jurisdiction to apply the relief invoked under the Act of 1876 to such a case.

Judgment reversed, and record remitted for further proceedings.