# H. J. MELAN, TO USE, v. WILLIAM SMITH.

APPEAL BY USE PLAINTIFF FROM THE COURT OF COMMON
PLEAS OF LUZERNE COUNTY.

Argued April 16, 1890—Decided May 12, 1890.
[To be reported.]

1. The act of March 14, 1876, P. L. 7, providing for rules to show cause
why judgments, which are alleged to have been paid, should not be
satisfied, and the entry of an order for their satisfaction if such allega-
tion appear to be true upon the hearing, must be construed strictly, such
a proceeding being in derogation of the common law.

2. The court has no power to apply cross-demands, to set off judgments,
or to investigate original equities in this proceeding, but its power is
confined to an inquiry into the single fact of actual payment; if the affi-
davit for the rule and the proofs do not exhibit actual payment of the
debt, interest and costs in full, no decree in the petitioner's favor can
be made.

3. Whether an assignment of a judgment can be stricken off summarily,
at the instance of the defendant, is very doubtful; but the validity or
invalidity of an order to that effect is unimportant, if the court, at the
same time, ordered the satisfaction of the judgment, after due proceed-
ings, with notice to all parties, and after finding as a fact that it was paid
to the assignor before the assignment.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MC-
COLLUM, JJ.

No. 239 January Term 1890, Sup. Ct.; court below, No. 9
May Term 1886, C. P.

On March 1, 1886, there was entered in the court below a
judgment by confession in favor of Henry J. Melan, against
William Smith, for $745, with interest. On September 27,
1889, there was filed an assignment thereof as follows :

" Now, July 31, 1889, received in full the sum of eight hun-
dred and twenty-seven and $\frac{98}{100}$ dollars of Margaret Smith, for
which I hereby assign, transfer and set over to her, the said
Margaret Smith, all my right, title and interest in above judg-
ment, debt, interest and costs.

" In presence of
      " W. H. HINES.          HENRY J. MELAN. [Seal.] "

Statement of Facts.

By a paper dated November 18, and filed November 19, 1889, Margaret Smith assigned the judgment to M. J. Flannery. On the date last named, the defendant, averring by affidavit that the judgment had been paid in full with the affiant's own money, but that the plaintiff had assigned it to the wife of the affiant at her solicitation, prayed the court for a rule to show cause why the assignment should not be stricken off, and the judgment marked satisfied upon the record. Rule granted as prayed for.

By agreement of the parties, waiving a formal rule therefor, depositions were taken, to be read upon the hearing of the rule to show cause.

Henry J. Melan, the plaintiff, being called by the defendant, testified that the judgment had been paid to the witness in full, except a small balance which Mrs. Smith, the defendant's wife, agreed verbally at the time of the assignment to pay him; that some of the payments had been made by the defendant and some by Mrs. Smith; that receipts for the first four payments made were given in the defendant's name, and after that at the request of Mrs. Smith the receipts were drawn in her name, the last receipt for money as coming from the defendant being given in the spring of 1889; that no credits were placed upon the record, the witness expecting that the receipts would be produced when the parties came to make a settlement; and that the assignment to Mrs. Smith was given at the request of her attorney. The witness testified further, under objection, that after he had made the assignment, he went to Mrs. Smith's attorney, and told him that he did not want the assignment to be in the shape in which it was, but wanted it to be for the balance remaining unpaid, instead of for the whole judgment.

The defendant testified, under objection as to his competency, that, in addition to working as a miner, he kept a restaurant in his house for four years, his wife looking after the business during the hours when the witness was away at work; that she paid all the bills, but sometimes when she was busy she would tell the witness to pay them; and that all the payments to Melan were made with money of the witness. In his cross-examination he testified: " I have been to Mr. Melan's house twice to pay money. Once I was sent by my wife and once by myself. There may have been two or three payments made

Opinion of Court below.

by me in my house that I made by my wife's direction, and three or four I made on my own account."

Mrs. Margaret Smith, being called for the plaintiff, and objected to as an incompetent witness to testify against her husband, testified as follows :

" Q. State whether you have been doing business in your own name in 1887 and 1888. A. Yes. In this house, corner Hazle and Miller streets. I was selling drinks, cigars, etc., and did my housework besides. My husband did no business for himself in 1887 and 1888, except to help himself to pocket money out of my earnings. None of the money paid since the 1st of January, 1887, until the judgment was paid, belonged to my husband. Some of the money I made working for Mr. Harvey. The rest I made selling drinks. . . . . During the time I ran the business, my husband worked in the mines, and up to March, this year. I never had a license for the place. When it was licensed, it was licensed in my husband's name. The goods were shipped and the bills made out in his name. . . ."

Mrs. Smith and Flannery, her assignee, both testified that the latter paid her $600 for the assignment to him.

After argument the court, WOODWARD, J., made the rule absolute, filing the following opinion :

The assignment of this judgment by the plaintiff to the wife of the defendant cannot be sustained. Even her own testimony shows that all the money paid by her since 1887, to apply on the judgment, came from the unlicensed sale of liquor on premises owned and occupied by her husband, and for the sale of which the law could hold him criminally responsible. It was in no sense her sole and separate estate, and as such protected and assured to her by the act of 1887. The plaintiff admits that the judgment has been paid, or very nearly paid, and under all the evidence submitted to us it seems clear that, in contemplation of law, the money came from the husband, and not from the wife. It was the intention of the defendant when he made the payments to have them applied toward the satisfaction of the judgment; and the plaintiff had no legal right, without his consent, to change the appropriation of the money to his prejudice : See Jamison v. Collins, 83 Pa. 359; Martin v. Draher, 5 W. 544. Upon the whole case, and inde-

Arguments.

pendently of the question of the wife's competency as a witness, we are of the opinion that neither of the assignments of this judgment was valid in law. It follows that upon payment of the balance, if any there is remaining due upon the judgment, with the costs accrued, the judgment should be satisfied of record. The rule is made absolute. See Felt v. Cook, 95 Pa. 247.

—Thereupon the use plaintiff, having excepted to the order of the court, took this appeal, specifying that the court erred: In making absolute the rule to show cause.

*Mr. W. H. Hines*, for the appellant:

1. The power to direct a satisfaction conferred by the act of March 14, 1876, P. L. 7, is summary in its character, in derogation of the common law, in denial of trial by jury, and it must be limited to the express language of the act: Felt v. Cook, 95 Pa. 250. It is only when the testimony clearly shows that the defendant or his authorized agent has paid the judgment, and there is no contest over the fact, that the court can exercise the power. Upon the evidence in this case, it was the duty of the court to award an issue to determine the ownership of the judgment: Baxter v. Maxwell, 115 Pa. 469; Felt v. Cook, 95 Pa. 247; Horton v. Hopf, 4 W. N. 381. When there is a substantial dispute about the fact the court will not assume to decide it: Horton v. Hopf, supra; Saunders's App., 19 W. N. 507; Jackson v. Payne, 114 Pa. 67; Phillips v. Meily, 106 Pa. 536; Thorne v. Warfflein, 100 Pa. 519; Nicolls v. McDonald, 101 Pa. 514; North etc. Ry. Co. v. Swank, 105 Pa. 555; Martin v. Berens, 67 Pa. 459.

2. Upon the question of the wife's ownership of the moneys paid by her upon the judgment, counsel cited: Shuster v. Kaiser, 111 Pa. 215; Pier v. Siegel, 15 W. N. 480; Troxell v. Stockberger, 105 Pa. 405; Holcomb v. Bank, 92 Pa. 338; Burgan v. Cahoon, 1 Penny. 320; Breslin v. Boyle, 15 Phila. 208; Spering v. Laughlin, 113 Pa. 209; Berger v. Clark, 79 Pa. 340; Kepler v. Davis, 80 Pa. 153; Brown v. Pendleton, 60 Pa. 419; Silveus v. Porter, 74 Pa. 448; Wieman v. Anderson, 42 Pa. 311; Bucher v. Ream, 68 Pa. 421; Seeds v. Kahler, 76 Pa. 362; Rush v. Vought, 55 Pa. 437; Welch v. Kline, 57 Pa. 428; Kutz's App., 40 Pa. 95. As to the right of the

Arguments.

wife to take an assignment of the judgment against her husband: Rogers v. Fales, 5 Pa. 157; Rose v. Latshaw, 90 Pa. 238; Spering v. Laughlin, 113 Pa. 209; Shea v. Maloney, 52 Conn. 327; Carlton v. Carlton, 72 Me. 115; Zurn v. Noedel, 113 Pa. 336; Bovard v. Kettering, 101 Pa. 181; Benson v. Maxwell, 105 Pa. 277; Benedict v. Driggs, 34 Hun 94; Wingerd v. Fallon, 95 Pa. 184; Kincade v. Cunningham, 118 Pa. 507.

3. The main question in the case is whether the husband and wife can testify against each other. A wife may file a bill in equity against her husband: Brightly's Eq., 521; Daniel's Ch. Pr., 142. It follows that she can be a witness against him in matters concerning her separate earnings: Gleghorne v. Gleghorne, 118 Pa. 395. The rule of exclusion does not embrace ordinary business transactions, but is restricted to cases where there would be abuse of some domestic confidence if the testimony were admitted: Robb's App., 1 Penny. 439; Cornell v. Vanartsdalen, 4 Pa. 364; Peiffer v. Lytle, 58 Pa. 386. If, however, the wife cannot testify in this case, neither can her husband testify against her interest as he has done, it being her interest to be protected in the assignment she made to Michael Flannery: Pleasanton v. Nutt, 115 Pa. 269; Martin v. Rutt, 127 Pa. 383; Burrell Tp. v. Uncapher, 117 Pa. 353.

*Mr. John McGahren*, for the appellee:

1. The testimony is insufficient to establish a separate estate in the wife, as the rights of her husband's creditors are involved, and the husband emphatically asserts under oath that the money paid on the judgment was his money. As was well said by the court below, the payments having been made toward its satisfaction, the plaintiff could not, without the defendant's consent, change the appropriation to his prejudice: Martin v. Draher, 5 W. 544; Milligan's App., 104 Pa. 503.

2. Melan admits that he treated the money paid as the defendant's, and gave him credit therefor. The only evidence of ownership by the wife is her own testimony, and she is not a competent witness: Act of May 23, 1887, P. L. 159; Pringle v. Pringle, 59 Pa. 281; Pleasanton v. Nutt, 115 Pa. 266; McCauley v. Cook, 13 W. N. 453. The defendant is not disqualified for the same reason, as the judgment which he asked

to have satisfied was in favor of Melan, who does not resist the application, and the wife has no right to intervene.

OPINION, Mr. JUSTICE WILLIAMS:

The order complained of in this appeal was made under the authority of the act of March 14, 1876. The proceeding being in derogation of the common law, the act that authorizes it must receive a strict construction: Felt v. Cook, 95 Pa. 247. It authorizes the court in which any judgment has been entered, on the application of the defendant, made under oath, setting forth that the judgment has been paid in full, together with all the costs, to grant a rule on the plaintiff to show cause why the judgment shall not be marked satisfied on the record. On the hearing of the rule, if it shall appear that the "judgment has been fully paid as set forth in the application," the court is empowered to direct the prothonotary of the court to mark the judgment satisfied; and, as a just punishment to the plaintiff for refusing or neglecting to make the proper entry after having been fully paid, the court is directed to "enter a decree requiring the plaintiff to pay all costs incurred in the premises." The court has no power to apply cross-demands, or set off judgments, or to investigate original equities, in this proceeding; but the affidavit must set out actual payment of the judgment, debt, interest, and costs in full, or the rule will not be granted. On the hearing, the proofs must show actual payment, as alleged, in full, for if the judgment is not satisfied in fact, the statute gives the court no power over it. If the proofs do not show payment of the judgment, the court must discharge the rule, for they have no power to inquire into any other fact.

The application of these principles in the case before us is easy. A judgment was entered in the Common Pleas of Luzerne county on March 1, 1886, in which Melan was plaintiff and Smith was defendant. On September 27, 1889, this judgment was assigned to Margaret Smith, who assigned to Flannery. On November 19, 1889, the defendant presented his petition to the court in which the judgment was entered, alleging that it had been paid in full, debt, interest, and costs. A rule was thereupon granted, calling on the plaintiff to show cause why the assignment should not be struck off and the

Opinion of the Court.

judgment marked satisfied. This rule, after notice to the assignee and a hearing upon testimony taken, was made absolute on the sixth day of December following. The power of the court to strike off an assignment of a judgment at the instance of the defendant in a summary way is, to say the least possible, a very doubtful one; but the power to satisfy the judgment is expressly conferred, and when exercised, disposes of the judgment so effectually as to render inquiry upon the other subject unnecessary. The court heard the evidence, found as a fact that the judgment had been actually and fully paid, and made the rule absolute. All that remains to be done is to make the formal order authorized by the act of 1876, which may be done here.

> And now, April 16, 1890, the order of the Court of Common Pleas of Luzerne county made on December 6, 1889, directing the prothonotary of said court to mark the judgment in favor of Melan, now to use of Flannery, against Smith, satisfied, is affirmed; and it is further ordered that said plaintiff, Henry J. Melan, pay all the costs incurred in the premises in said court. The costs of this appeal to be paid by the appellant.