## Atkinson, Appellant, *v.* Harrison.

*Satisfaction of judgment under act of March* 14, 1876.

Under the act of March 14, 1876, P. L. 7, empowering the court of common pleas to decree the entry of satisfaction of a judgment upon due proof that the same has been fully paid, the court can only decree satisfaction in cases of actual payment of the judgment in full by defendant, or in cases where there are such undisputed facts as produce a conclusive result of strict law that satisfaction equivalent to actual payment has been obtained. If there is any doubt or question as to the facts, or the inference to be drawn from them, the statute cannot apply.

On an application for a rule on plaintiff to enter satisfaction of a judgment, defendant averred that the judgment in question had been obtained on a draft accepted by defendant; that plaintiff had also obtained judgment upon the draft against the drawer thereof, which said judgment had been fully paid. Plaintiff filed an affidavit in which he admitted that he had obtained a judgment against the drawer of the draft in Ohio, but that he had obtained such judgment at the request of defendant, and upon the promise of defendant to pay all the costs, charges and expenses of the suit; and that the costs and expenses had not been paid to him. *Held,* that it was error to order satisfaction of the judgment.

The act of March 14, 1876, P. L. 7, is not a substitute for the acts of

April 13, 1791, § 14, 3 Sm. L. 32, and April 14, 1851, P. L. 612, but is only a short and inexpensive way of ending clear cases of undisputed actual payment.

Argued Jan. 13, 1893. Appeal, No. 166, July T., 1892, by plaintiff, Henry T. Atkinson, from order of C. P. No. 1, Phila. Co., June T. 1891, No. 161, making absolute rule to show cause why judgment should not be marked satisfied of record. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM, MITCHELL and DEAN, JJ.

Rule to show cause why judgment should not be satisfied of record.

Defendant, in his affidavit for the rule, averred, "that on July 16, 1891, plaintiff obtained judgment against defendant in the sum of $2,584.04, said judgment being obtained upon a draft drawn by one John Streight, dated Dec. 10, 1890, in the sum of $2,544.60 and accepted by defendant. That plaintiff also obtained judgment upon said draft against John Streight, the drawer thereof, which said judgment has since been fully paid by the said John Streight. That defendant avers that the judgment against him has been fully paid by the payment of the judgment against said John Streight, the judgment against deponent and said Streight having been obtained upon the one and same draft. That deponent has requested that the judgment against him shall be satisfied of record, he having offered to pay all legal costs thereon; that plaintiff refuses to satisfy said judgment unless defendant pays to him the attorney fee charged to plaintiff in the suit and collection of said judgment against John Streight, amounting to over $200.

Plaintiff filed an affidavit, in which he averred that defendant " came to him and asked him to bring suit in Cincinnati against the drawer of the draft upon which judgment was obtained, the drawer being John Streight, of Cincinnati, and the defendant thereupon promised the plaintiff, this deponent, that if he would bring suit against the said John Streight and collect the amount of the draft from him, that he, the said defendant, would pay to this deponent all the costs, charges and expenses that would be incurred by him in the collection of the said draft from the said John Streight, that thereupon, this deponent, relying upon defendant's promises, and upon the said

defendant's express request, retained counsel in Cincinnati, and had suit brought against the said John Streight upon the aforesaid draft; that the said suit was bitterly contested, but finally, after much labor, the said attorneys succeeded in obtaining judgment against the said John Streight and collecting the amount of the same, which they remitted to this deponent, less the sum of $261.63 costs, charges and expenses incurred by them in and about the said suit and judgment against the said John Streight; that the said amount of $261.63 is still due."

The court made the rule absolute. Plaintiff appealed.

*Errors assigned* were (1) making absolute above rule; (2) not awarding an issue.

*John Weaver, John Sparhawk, Jr.*, with him, for appellant.— The letter of the act of March 14, 1876, as well as its manifest spirit and meaning, alike demand that the exercise of the power conferred by it should be limited to the very case prescribed, which is actual payment in full: Felt v. Cook, 95 Pa. 247.

The act being in derogation of the common law must be strictly construed. On the hearing, the proofs must show actual payment, as alleged, in full, for if the judgment is not satisfied in fact the statute gives the court no power over it: Melan v. Smith, 134 Pa. 649; Riddle's Ap., 104 Pa. 171.

Courts have no power to strike off a judgment regular on its face, nor compel it to be satisfied when the facts are controverted. The court's proper course is to award an issue: McCutcheon v. Allen, 96 Pa. 319.

*John A. Brown*, for appellee, filed no printed brief.

OPINION BY MR. JUSTICE MITCHELL, March 20, 1893:

In the absence of any opinion by the learned court below, and even of a paper book by appellee, we are left in the dark as to the ground upon which the judgment was stricken off, but the order cannot be sustained.

Defendant's affidavit did not pretend to set up actual payment of the judgment by himself, but that plaintiff had received the amount of his claim from another party primarily liable. From this state of facts satisfaction would ordinarily be inferred as a matter of law, but plaintiff in his affidavit, in opposition to the rule, set up a contract by defendant which completely prevented such inference. The contract was entirely valid and

binding.   Defendant and the drawer of the note, Streight, were both liable to the plaintiff, and while the latter was entitled to go into the jurisdiction of Ohio to sue Streight, who was primarily liable, he was under no obligation to do so.   He might have enforced satisfaction against defendant, leaving the latter to seek his remedy over against Streight.   Instead of doing so however, he pursued Streight directly himself, and avers in his affidavit that he did this upon the express promise of defendant to reimburse his expenses.   We do not find on the record any denial of this agreement by defendant, so that he has no case for relief on the merits.   But even if he had denied the agreement he would not be entitled to summary relief in this form.   The act of March 14, 1876, P. L. 7, was not intended for such a case.   It is confined to cases of actual payment in full, by the defendant, or possibly to cases of such undisputed facts as produce a conclusive result of strict law that satisfaction equivalent to actual payment has been obtained.   If there is any doubt or question as to the facts, or the inference to be drawn from them, the statute cannot apply: Felt v. Cook, 95 Pa. 247.   No rights of set-off, or equities of any kind can be administered summarily under it: Riddle's Appeal, 104 Pa. 171; Melan v. Smith, 134 Pa. 649.

The act of April 13, 1791, sect. 14, 3 Sm. Laws, 32, affords a remedy by action for a penalty against a judgment creditor who has been paid but refuses after demand to enter satisfaction on the record; the act of April 14, 1851, P. L. 612, gives in Philadelphia a summary jurisdiction over judgments more than ten years old; and the general equity powers of the courts reach all proper cases by opening the judgment and directing an issue to determine the fact of payment.   The act of 1876 was not a substitute for any or all of these remedies, but only a short and inexpensive way of ending clear cases of undisputed actual payment.   To these it must be confined.

The order is reversed and the judgment thereby stricken off is reinstated.