## O'Connor to use *v.* Flick, Appellant.

*Judgment—Satisfaction—Evidence of payment—Act of March 14, 1876, P. L. 7.*

The Act of March 14, 1876, P. L. 7, relating to the satisfaction of judgments on proof of payment, is in derogation of the common law, and must be limited to its express language. If the court, on a rule to satisfy under the act, finds that no testimony has been offered to support actual payment of the judgment, it must discharge the rule for it could not be made absolute unless it appears "to the satisfaction of the court" that the judgment has "been fully paid."

Argued April 21, 1919. Appeal, No. 33, Jan. T., 1919, by defendant, from order of C. P. Blair Co., Oct. T., 1915, No. 216, discharging rule to satisfy judgment in case of

John O'Connor, now to use of Mary O'Connor and Caelie O'Connor v. E. H. Flick.   Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Rule to satisfy judgment.

The court discharged the rule on the ground that no evidence had been offered to support actual payment.

BALDRIGE, J., filed the following opinion:

The defendant in this judgment prayed the court, under the Act of March 14, 1876, to mark the judgment satisfied of record.

It rests with the defendant in this proceeding to establish the fact that the judgment has been paid: Felt v. Cook, 95 Pa. 247; Melan et al. v. Smith, 134 Pa. 649. There was no testimony offered to support the actual payment of this judgment; to say the least, there was such a substantial dispute as not to warrant the summary remedy offered by the provisions of the Act of 1876.   The rule is therefore discharged.

Defendant appealed.

*Error assigned* was the order of the court.

*W. I. Woodcock* and *Thos. H. Greevy,* with them *O. H. Hewit,* for appellant.

*A. D. Wilkin* and *Hays W. Culp,* for appellees, were not heard.

PER CURIAM, May 12, 1919:

Appellant's petition to the court below was for a rule to show cause why a judgment entered against him should not be marked satisfied.   It was presented under the Act of March 14, 1876, P. L. 7, which provides: "That in all cases where a judgment has been or may hereafter be entered in any court of record in this Commonwealth, whether originally or by transfer from any other court, the court having jurisdiction shall, upon application by

the defendant or defendants in the said judgment, or of his, her or their legal representatives, or other person or persons concerned in interest therein, setting forth, under oath, that the same, with all legal costs accrued thereon, has been fully paid, grant a rule on the plaintiff or plaintiffs, to show cause why the said judgment should not be marked satisfied of record at his, her or their costs; and upon the hearing of such rule, should it appear to the satisfaction of the court that said judgment has been fully paid, as set forth in the application of the defendant or defendants, the said court shall then direct the prothonotary to mark such judgment satisfied of record, and shall also enter a decree requiring the plaintiff or plaintiffs to pay all costs incurred in the premises." The proceeding authorized by this act is in derogation of the common law, and the authority conferred by it must be limited to its express language: Felt v. Cook, 95 Pa. 247; Melan v. Smith, 134 Pa. 649. The court found that no testimony had been offered to support actual payment of the judgment, and its only course was to discharge the rule, for the same could not have been made absolute unless it had appeared "to the satisfaction of the court" that the judgment had "been fully paid."

Appeal dismissed at appellant's costs.