## Spaid v. Steininger.

Jay G. Weiser, for plaintiff.

Frederick V. Follmer and William H. Hackenburg, for defendant.

POTTER, P. J., October 28, 1930.—In the year 1926, Steininger entered into a written agreement with Spaid, his wife, his son and his daughter, wherein it was provided that if they would kindly treat, nurse and care-for Steininger and his wife, Mollie, in their home in Middleburg, Snyder County, Pennsylvania, as long as John M. Steininger lived, then, at his death, Spaid was to have a deed for the Steininger home. And at the time of the execution of this contract, viz., on January 21, 1926, Steininger executed and delivered to Spaid his judgment exemption note in the sum of $6000, payable at his death, without interest. The house was to be deeded to Spaid, and the note had been given him, as the agreement states, "in full payment of all past and future services by first parties [Spaids] to second party and wife [Steiningers]." Again, in this agreement we find the following: "It is agreed by the parties hereto that the title to the home above mentioned, when delivered to first parties, shall be consideration in full for all services heretofore rendered or hereafter to be rendered by virtue of this contract, and that the aforesaid note is given only as security to said first parties that the title will be so conveyed to them after the death of said John M. Steininger."

These parties had been living together since the year 1922 by an oral agreement up to the time the written one was executed. Not long after the execution of the written agreement and the note, Steininger and his wife left

their home, leaving the Spaids in possession, claiming that they (Spaids) had not treated them in accordance with the terms of the contract, in the meantime making their home with friends and relatives. On February 12, 1929, Steininger brought an action of ejectment against the Spaids; the case was duly tried and resulted in a verdict for Steininger, the jury thereby, under the evidence submitted to them, virtually saying that the Spaids had not treated Steininger and his wife in accordance with the terms of the written contract, or, in other words, the jury found as a matter of fact that the Spaids had breached the written contract. The Spaids were ousted, and the home was delivered into the sole possession of Steininger. By the verdict of the jury the Steininger home is not to be conveyed to the Spaids after his death. The Spaids have no interest, either present or in expectancy, in this home.

The written contract provides, firstly, that the $6000 note, with the home, was to be "in full payment of all past and future services" by the Spaids. According to this part of the agreement, the home and the note were the consideration. So far as concerns the home, the consideration has fallen by the verdict of the jury. The contract is at an end. How, then, is it possible for a part of the consideration of a vitiated contract to fall and the other part of it stand?

Then later on in the written contract we have the statement made that the note is given only as security that the title to the home will be delivered. If no title to the home is to be delivered to the Spaids, then why the necessity of this security? If the right to the title falls, the security for it goes with it. The superstructure surely cannot stand with no foundation. We are inclined to the belief that the verdict in the ejectment suit ended the contract and put an end to all considerations, both the home and the note.

We have before us a rule to satisfy this judgment, the proceedings having been instituted under the provisions of the Act of March 14, 1876, P. L. 7, but by a close reading of this act we find it applicable to proceedings where the debt and all costs have been fully paid. It is a summary proceeding, deprives both parties of a jury trial, and should be strictly construed. This act is confined to cases of actual payment in full by the defendant, or possibly to cases of such undisputed facts as produce a conclusive result of law that satisfaction equivalent to actual payment has been obtained: Atkinson v. Harrison, 153 Pa. 472, 475.

And if there is any doubt or question as to the facts, or the inference to be drawn from them, the statute cannot apply. The power conferred upon the court under this act to decree the entry of satisfaction of a judgment upon due proof that the same has been fully paid is summary in its character and in derogation of the common law, and a denial of the right of trial by jury, and it must, therefore, be limited to the express language of the act. The letter of the act, as well as its manifest spirit and meaning, alike demand that the exercise of the power conferred by it should be limited to the very case prescribed, which is actual payment in full: Felt v. Cook, 95 Pa. 247. And the power vested in the courts by this act in relation to the entry of satisfaction of judgments which have been fully paid by the defendants, being in derogation of the right of trial by jury, must be strictly construed, and, therefore, limited to cases of actual payment in full: Riddle's Appeal, 104 Pa. 171, 174; Melan v. Smith, 134 Pa. 649; Johnson v. Funk, 29 Dist. R. 922.

The Act of March 14, 1876, P. L. 7, relating to the satisfaction of judgments on proof of payment, is in derogation of the common law, and must be limited to its express language. If the court, on a rule to satisfy under the act, finds that no testimony has been offered to prove actual payment of the

640

judgment, it must discharge the rule, for it could not be made absolute unless it appears to the satisfaction of the court that the judgment has been fully paid: O'Connor *v.* Flick, 265 Pa. 49.

In the case at bar, no one even pretends that either the $6000 judgment or the costs have been paid. Wherefore, in the face of the authorities herein cited, we fail to see how we could order the judgment to be satisfied under these proceedings. We think the wrong method has been pursued, and it is not our function to indicate which one, in our judgment, ought to be used.

And now, to wit, October 28, 1930, for the reasons given in this opinion, the rule is discharged.                    From A. Francis Gilbert, Middleburg, Pa.