# Hazleton Thrift and Loan Corporation v. Kepping et al.

*Adrian H. Jones*, for plaintiff; *George I. Puhak*, for defendant.

VALENTINE, J., October 31, 1931. — This is an application by petitioner, grantee of the defendants, to mark satisfied a judgment entered against defendants and in favor of the plaintiff and which is a lien against real estate transferred to the petitioner.

The petition avers that the note on which judgment was entered has been "paid in full by defendants;" the answer denies the truth of this statement and avers a balance on the note is still due and unpaid. The petition is presented under the Act of March 14, 1876, P. L. 7, Sec. 1, providing that "in all cases where a judgment has been or may hereafter be entered in any court of record in this Commonwealth, whether originally or by transfer from any other court, the court having jurisdiction shall, upon application by the defendant or defendants in the said judgment, or of his, her or their legal representatives, or other person or persons concerned in interest therein, setting forth, under oath, that the same, with all legal costs accrued thereon, has been fully paid, grant a rule on the plaintiff or plaintiffs to show cause why the said judgment should not be marked satisfied of record . . . and upon the hearing of such rule, should it appear to the satisfaction of the court that said judgment has been fully paid . . . the said court shall then direct the prothonotary to mark such judgment satisfied of record."

Plaintiff contends that the petitioner has no standing to make the present application. We cannot assent to this conclusion. On the contrary, we think the petitioner is a person "concerned in interest" within the meaning of that term as used in the above section. He is responsible in estate for the payment of the judgment which is now a lien against the land conveyed to him: Heidelbaugh v. Thomas, 1 Pennyp. 19, 22.

The power conferred upon the court under the provisions of the act invoked is summary in its character, is in derogation of the common law and a denial of the right of trial by jury; its exercise is, therefore, limited to the very case prescribed by the act, which is where there has been actual payment in full. The proof must show such fact: Melan v. Smith, 134 Pa. 649; O'Connor v. Flick, 265 Pa. 49; Atkinson v. Harrison, 153 Pa. 472.

The note upon which judgment was entered was given as security for the payment of a note dated April 3, 1929, for the payment of $350 in fifty-six equal weekly instalments of $6.25 each, beginning April 15, 1929.

The testimony on the part of the plaintiff is that the indebtedness was never fully paid; that the loan was reduced to ninety-five dollars, at which time the defendants in the judgment again borrowed up to the sum of $300. There is no proof of actual payment. Petitioner relies upon the entry in a pass book issued by the plaintiff to one of the defendants, which contains an entry that the balance on account of the loan of April 4, 1929, was "paid in full 1-3-30," and upon the further fact that the instalment note of April 3, 1929, bears across its face the words "canceled 1-3-30." There is no evidence by whom or when the entry in the pass book was made,. nor does it appear why the word "canceled" was written across the face of the note or by whom it was written. The obligation might be canceled without the indebtedness having been fully paid, and if so, satisfaction of the judgment could not be ordered. The case is too doubtful and uncertain to justify the making of the decree prayed for.

Rule discharged without prejudice.

From Frank P. Slattery, Wilkes-Barre, Pa.