## City of Philadelphia, Trustee, v. Simon et ux.

*Joseph P. Gaffney*, for City of Philadelphia.
*Ned Stein*, for defendants.

KUN, J., May 12, 1943.—On foreclosure proceedings by sci fa. sur mortgage for $3,500 in Court of Common Pleas No. 3, June term, 1936, no. 4623, plaintiff mortgagee bought the premises for $75 in 1936 and took title thereto. Thereafter, in 1939, plaintiff entered judgment in this court as above against defendants on their bond and warrant secured by that mortgage. The Deficiency Judgments Act of July 16, 1941, P. L. 400, 12 PS §2621.1 et seq., provides that, in case of purchase by a plaintiff in execution of real property, if he wishes to proceed for any deficiency on the judgment he must petition the court to fix the fair market value of the real property bought (section 1), in case

of a sale prior to the effective date of the act, within six months thereafter (section 7), and by the same section it is provided:

"In the event no petition is filed within such period, the debtor, obligor, guarantor and any other person liable, directly or indirectly, to the plaintiff or plaintiffs for the payment of the debt shall be released and discharged of such liability to the plaintiff or plaintiffs."

Plaintiff having failed to take any action in the matter, defendants filed their petition in this court, under the Act of March 14, 1876, P. L. 7, to have the judgment entered against them on their bond satisfied. Plaintiff has answered that, under the Deficiency Judgments Act, all the defendants are entitled to is to have it noted on the record that they are "released and discharged" of their liability on the judgment but are not entitled to have it marked satisfied, citing the opinion of the learned president judge of Court of Common Pleas No. 3 in the case of the Metropolitan Life Insurance Co., Assignee, v. Krivitsky et ux., 46 D. & C. 641. While the question before us is not precisely the same as was considered in that case, we regret nevertheless that we find ourselves in disagreement with the views there expressed on the main question. In that case in No. 3 Court the judgment sought to be satisfied was the one entered on the bond of defendants in that case under which the sale was had. One of the reasons given by the writer of the opinion for refusing to satisfy the judgment, though decreeing that defendants were "released and discharged" from further liability thereon, was that some procedural defects in obtaining the judgment or in the execution based thereon might subsequently develop affecting the title to the real estate bought in which might require further proceedings which could not be had if the judgment were satisfied. This, it seems to us, overlooks the point that procedural defects if any are foreclosed by

the sheriff's deed, and so far as the title is concerned the purchaser through the sheriff's deed got whatever title defendants in the execution had, and that is the only estate the mortgage covered. However that may be, in the case before us it is not sought to have satisfied the judgment upon which the foreclosure proceedings were instituted, which is a judgment in rem in the Court of Common Pleas No. 3, as noted at the beginning of this opinion. The proceeding before us is to have the judgment in personam entered in this court on the bond of defendants satisfied under section 7 of the Deficiency Judgments Act above quoted.

It seems to us that the position of plaintiff conceding that defendants are entitled to an order or decree of the court directing that it be noted of record that defendants are "released and discharged" of their liability on the judgment but are not entitled to have it marked satisfied involves a kind of distinction without a difference. Certainly if a person is released and discharged of all liability on a judgment against him, it is to all intents and purposes as though it no longer existed because nothing can be done by plaintiff with the judgment against the judgment debtor or anyone else. Plaintiff argues that, although defendants have been by virtue of the statute "released and discharged" of their liability on the judgment against them, it still has some abstract property right in the judgment, though unenforcible against defendants, and therefore there is no authority in the court to take that property right away by ordering the judgment satisfied. Aside from the rather nebulous character of this conception, it completely overlooks the rationale of the opinion of the Supreme Court in the case sustaining the constitutionality of the Deficiency Judgments Act (Pennsylvania Company, etc., v. Scott, 346 Pa. 13, 17). It was there pointed out by Mr. Justice Stern, who wrote the opinion, that it is elementary that the legislature may not destroy or impair a judgment pre-

viously obtained but that the Deficiency Judgments Act "merely provides for an inquiry in regard to a transaction which occurred *subsequent* to the judgment, to wit, the sheriff's sale, in order to ascertain what amount of *payment plaintiff has received,* such an inquiry being analogous to the trial of an issue of *payment* raised as a defense to a writ of execution. If plaintiff was not entitled under its *bond* to be paid wholly in cash, but could be made by legislative mandate to account for the value of real estate purchased by it in execution, it cannot be said to be deprived by the statute of any property right in its *judgment* by being limited to a recovery of the balance due thereon after giving credit *for the payment received* through the acquisition of the real estate; there does not inhere in the judgment on the bond any greater right in that respect than attached to the obligation on which it was entered." (Italics supplied.)

It seems to us that this clear statement requires no elucidation. It may be emphasized, however, that the "release and discharge" of the debtor under the act is not a penalty against plaintiff because of his failure to proceed under the act to have the fair value of the property bought in by him at the sheriff's sale determined; but his failure so to do is regarded as an admission that the property so received by him has at least the equivalent value of the amount of his judgment, which under those circumstances as provided by the act is tantamount to payment in full of the judgment. The whole inquiry under the statute, as pointed out by Mr. Justice Stern, is what *payment* in law has been made on the judgment. The real basis for the statutory "release and discharge" of the judgment debtor of his liability on the judgment is the determination under the statute that the judgment creditor has been paid. It follows very simply in our opinion that, plaintiff having by this operation of law been

paid, defendants are entitled to have the judgment satisfied.

The next question is whether defendants are entitled to have the judgment satisfied on the petition filed by them in this case. Prior to the Act of 1876, supra, the only way a judgment debtor could have a paid or discharged judgment satisfied was by bill in equity. This act was passed to provide a short, expeditious, and inexpensive method of compelling satisfaction of a judgment which had been paid. It is quite true that this short method by petition to compel satisfaction of a judgment can be used only in clear cases; that controversial factual questions cannot be considered on such petition; but it is a mistake to assume that it applies to cases only in which actual cash payment has been made. For instance: the holder of a judgment agrees to accept in payment certain property of the judgment debtor; the property is turned over, but the judgment creditor refuses to satisfy the judgment. The debtor files a petition under the Act of 1876 to compel satisfaction of the judgment. Could the creditor be heard to argue, though admitting the stated facts, that the debtor could not proceed under the Act of 1876 but would have to file a bill in equity against him to compel him to satisfy the judgment. We think such a position would be untenable and we have no doubt whatever that under those circumstances we could entertain a petition under the Act of 1876 to compel satisfaction of the judgment. Now what the Deficiency Judgments Act does is in effect the same thing. A judgment creditor is not always obliged to buy in the secured property on his foreclosure proceedings. If he lets a higher bidder buy it he can proceed against the debtor for the full deficiency no matter how inadequate the bid may appear to have been. However, if the judgment creditor does buy in the property the act becomes operative as a means for determining the value of the property so taken by the creditor, which value he must

credit on account of judgment and if, as in the case before us, the creditor does not take the steps provided by the act for the determination of the value of the property the statute in effect says he has been paid in full and the debtor is "released and discharged" of all liability under the judgment.

Of course there was no such thing as a deficiency judgments act at the time but an observation made by Mr. Justice Mitchell many years ago in the case of Atkinson v. Harrison, 153 Pa. 472, clearly indicates that in a case of such a release and discharge of a judgment by operation of law as follows under such an act the judgment debtor would have the right to proceed by petition under the Act of 1876 to have the judgment satisfied. Mr. Justice Mitchell stated (p. 475):

"It [the Act of 1876] is confined to cases of actual payment in full, by the defendant, or possibly to cases of such undisputed facts as produce a conclusive result of strict law that satisfaction equivalent to actual payment has been obtained."

We can think of no more undisputed fact producing a more conclusive result of strict law that satisfaction equivalent to actual payment has been obtained than the operation of the Deficiency Judgments Act resulting in a decree of the court that in the words of section 7 of the act the debtor, obligor, mortgagor, or any other person liable directly or indirectly to plaintiff for the payment of the debt represented by the judgment in question has been "released and discharged of all such liability to the plaintiff".

It seems to us quite clear that following such a conclusive and definitive finding of the court which we make in this case defendants are entitled to have the judgment against them satisfied.

We accordingly make the rule absolute and enter the following

*Order*

And now, May 12, 1943, upon consideration of the petition and answer herein filed, it is adjudged, ordered, and decreed that defendants, Aleck Simon and Ida A. Simon, his wife, are released and discharged of any and all liability to plaintiff on the judgment entered against them in this case and the prothonotary is directed to satisfy the judgment of record.