## The Community Plan Company of Jersey Shore v. Harrison

*J. Mettler Pensyl* and *P. Fierro,* for plaintiff.
*Leonard R. Apfelbaum,* for defendant.

TROUTMAN, J., July 18, 1949.—Plaintiff, Chester Colyer, confessed judgment by virtue of a warrant of attorney contained in a note, against defendant, Abe Harrison, on May 18, 1949, in the Court of Common Pleas of Lycoming County. On May 23, 1949, a writ of fieri facias was issued out of the said court and a return of "nulla bona" was made. Whereupon, on May 24, 1949, a writ of testatum fi. fa. was issued out of that court to no. 73, March term, 1949, and the Sheriff of Northumberland County was commanded to seize the goods and chattels, lands and tenements of defendant and return the same before the Court of Common Pleas of Lycoming County on the second Monday of June, 1949. The said writ of testatum fi. fa. was filed to no. 194, September term, 1949, in the Court of Common Pleas of Northumberland County on June 8, 1949.

On June 13, 1949, defendant filed his petition for a rule to open and satisfy the judgment in the Court of Common Pleas of Northumberland County and a rule was granted thereon, returnable June 27, 1949. The petition prayed that the court grant a rule against plaintiff to show cause why the judgment should not be opened and defendant let into a defense and also for a rule on plaintiff to show cause why the said judgment should not be satisfied of record. Both rules were granted.

On June 27, 1949, plaintiff filed a demurrer to defendant's petition, alleging that defendant's petition was improperly filed as a pleading to both open the judgment and allow defendant into a defense, and also to satisfy the same, which pleading constituted pleading in the alternative; also that defendant's peti-

tion is insufficient in law in that the averments stated in defendant's petition do not constitute a meritorious or proper defense, and the facts therein do not indicate valid reasons in law to allow the opening of said judgment; and also that defendant's petition is insufficient for the reason that it fails to state that plaintiff discharged defendant from any obligation of which defendant complains, that defendant's petition concerns itself solely with agreements made by defendant and third parties, and that nowhere in defendant's petition is there any allegation of satisfaction, discharge or any form of legal cancellation of the judgment note and warrant of attorney, between plaintiff and defendant. Plaintiff's demurrer is now before this court for disposition.

This court has jurisdiction to entertain a petition for a rule to show cause why the judgment entered in the Court of Common Pleas of Lycoming County should not be opened. Under the Act of March 27, 1945, P. L. 83, secs. 1 and 2, 12 PS §§913 and 914, it is provided that whenever a judgment is confessed or entered in any court of common pleas on any instrument in writing as set forth in section one of this act, and a testatum writ of fieri facias is directed to the sheriff of any other county than that of the court in which it is confessed or entered, plaintiff shall enter his appearance in the prothonotary's office of such other county, whose sheriff is directed to issue execution thereon, giving an address within that county where all papers may be served on him. When defendant has a defense to such judgment he may file his petition to open the same either in the court where the judgment is originally entered or in the court of the county whose sheriff is directed to issue execution thereon.

The first reason assigned in support of plaintiff's demurrer is that defendant's petition is improperly

filed as a pleading to both open the judgment and allow defendant into a defense, and also to satisfy the same, such pleading being in the alternative. The court, in fact, allowed two rules to issue on defendant's petition, one to show cause why the judgment should not be opened and another to show cause why the judgment should not be satisfied of record.

In the eighth paragraph of defendant's petition, he sets forth that he returned an automobile to the seller and after the surrender of the automobile and the forfeiture of all payments made under the agreement of sale, he was to have been released from any and all obligations arising under and by virtue of the purchase of the automobile and the judgment note was to be deemed paid and cancelled. These averments indicate that the surrender of the automobile and the forfeiture of the payments that had been made was to act as a full release from any obligation under the note as well as payment of any amount due under said note. These are matters which must be determined upon a hearing on the petition and any answer that might be filed thereto. While a rule to satisfy a judgment might be granted, nevertheless in order to make such a rule absolute, it is necessary that the evidence of payment must be clear and satisfactory or else the case is sent to the jury. See O'Connor, to use, v. Flick, 265 Pa. 49. We see no harm in letting both rules stand and if upon the hearing on the rules it appears that there is no basis in fact to order the judgment satisfied of record, the rule may then be discharged. Since the adoption of the Pennsylvania Rules of Civil Procedure it is now possible to demand relief in the alternative or of several different types: Pa. R. C. P. 1021.

In considering the above reason in support of the plaintiff's demurrer as well as the other two reasons assigned, we are of the opinion that the better practice

is not to demur or move to quash a rule or motion. It is wholly unnecessary surplusage. Upon consideration of the rules, on petition and answer and testimony taken thereon, the court can then determine whether to discharge or make absolute one or both of the rules which have been granted: Bartol Petition, 67 D. & C. 180.

At the hearing on the rules, counsel for plaintiff is privileged to raise any question pertaining to the jurisdiction of the court either of the parties or of the subject matter and any consideration pertaining to the power of the court to act in the matter may then be raised. To pass upon these matters now would simply incumber the record and make for an illogical and unnecessary duplication. If upon the hearing, it is determined that defendant has not shown a meritorious or proper defense and the evidence does not indicate a valid reason in law to allow the opening of the judgment, then it would be the duty of this court to discharge the rule. All matters which would tend to show that defendant has no legal or equitable defense to the judgment may be raised by plaintiff in his answer and upon the hearing on said petition and answer.

Therefore, plaintiff's demurrer to defendant's petition must be overruled with leave to plaintiff to file an answer to the petition within 10 days from the date hereof.

### Order

And now, to wit, July 18, 1949, plaintiff's demurrer to defendant's petition for rules to show cause why the judgment should not be opened and the judgment satisfied of record is hereby overruled with leave granted plaintiff to file an answer to the petition within 10 days from the date hereof.