Smith *v.* Witmer et al., Appellants.

Argued March 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Ronald M. Katzman,* with him *Goldberg, Evans & Katzman,* for appellants.

No oral argument was made nor brief submitted for appellees.

OPINION BY JACOBS, J., June 16, 1972:

The appellants gave the appellees an installment note, dated July 10, 1968, in the amount of $20,000 and containing a confession of judgment. On the back of the note was typed the following: "This judgment shall not be entered except upon default and shall be limited to execution on the furniture and fixtures of Pizza Lodge located at 1606 Cumberland Street, Lebanon, Pennsylvania, as listed in Security agreement executed herewith." The appellants defaulted and appellees entered judgment against them for a principal balance of $17,500 plus an attorney's fee and collection fee. Prior to the entry of judgment the appellees had repossessed the furniture and fixtures at Pizza Lodge as listed in the security agreement.

The appellants petitioned the lower court to satisfy the judgment, claiming that repossession of the furniture and fixtures at Pizza Lodge was full satisfaction of the judgment by its terms. The appellees filed an answer, no testimony was taken, and, after argument, the lower court refused to satisfy the judgment.

The petition was grounded on the Act of March 14, 1876, P. L. 7, 12 P.S. §978. No appeal was made to the equity powers of the court and this opinion is limited to the application of the Act of 1876 which reads as follows: "In all cases where a judgment has been or may hereafter be entered in any court of record in this commonwealth, whether originally, or by transfer from any other court, the court having jurisdiction shall, upon application by the defendant or defendants in the said judgment, or of his, her or their legal representatives, or other person or persons concerned in interest therein, setting forth, under oath, that the same, with all legal costs accrued thereon, has been fully paid, grant a rule on the plaintiff or plaintiffs to show cause why the said judgment should not be marked

satisfied of record, at his, her or their costs; and upon the hearing of such rule, should it appear to the satisfaction of the court that said judgment has been fully paid, as set forth in the application of the defendant or defendants, the said court shall then direct the prothonotary to mark such judgment satisfied of record, and shall also enter a decree, requiring the plaintiff or plaintiffs to pay all costs incurred in the premises."

The court below pointed out that there was no averment by the appellants that the property repossessed was worth the full amount of the judgment. It concluded that it could not satisfy a judgment under the provisions of the above-quoted act unless there was some way in which it could be determined that the judgment had been fully paid.

As long ago as 1893, the Supreme Court said of the Act of 1876, "It is confined to cases of actual payment in full, by the defendant, or possibly to cases of such undisputed facts as produce a conclusive result of strict law that satisfaction equivalent to actual payment has been obtained. If there is any doubt or question as to the facts, or the inference to be drawn from them, the statute cannot apply." *Atkinson v. Harrison*, 153 Pa. 472, 475, 26 A. 294, 295 (1893). We find nothing in the later cases which changes that basic rule. See *Time Sales Fin. Corp. v. F. W. Lang Co.*, 428 Pa. 468, 239 A. 2d 337 (1968) ; *Sophia Wilkes Bldg. & Loan Ass'n v. Rudloff*, 348 Pa. 477, 35 A. 2d 278 (1944) ; and *O'Connor v. Flick*, 265 Pa. 49, 107 A. 159 (1919).

Actual payment of $20,000 is not alleged here, but appellants claim that because of the limitation on execution the appellees have received all they are entitled to under the judgment. While this may turn out to be true, the facts before the lower court did not compel such a conclusion. The note authorized the entry of the judgment on default, thus evidencing the debt.

While it limits execution on the judgment to the specified chattels, it does not say that execution on the chattels shall be considered payment or satisfaction of the judgment. Nor does it limit the effect of the judgment as a lien on appellant's real estate.

Appellants rely on *Sophia Wilkes Bldg. & Loan Ass'n v. Rudloff*, supra. However, in that case the Deficiency Judgment Act provided the conclusive legal presumption of payment. In this case appellants have no statute to help them and must rely solely on the facts before the court to compel such a conclusion. We agree with the court below that those facts do not compel a conclusive legal presumption of satisfaction equivalent to payment.

Affirmed.

———

CONCURRING OPINION BY CERCONE, J.:

Though I concur with the majority's affirmance of the lower court's refusal to mark the judgment in question satisfied, I would base my affirmance on different reasoning: The majority has failed to distinguish between appellants' continuing liability for any balance due on the original debt and appellants' liability on the judgment note which merely evidenced the debt. Contrary to the majority's view, I would hold that by limiting execution on the note to the specified personal property, the note does for all practical purposes limit the extent of the lien of the judgment entered on the note. The appellees have levied such execution as the limitations of the note will allow, and therefore no further execution can be obtained thereon. However, appellants do remain liable for any balance of the original debt and can be sued therefor in assumpsit. The judgment obtained in such assumpsit action can then be resorted to by appellees. To permit the obligation

of the note to be marked satisfied and paid in full would prejudice appellees in their suit against appellants for that balance of the original debt evidenced by the note.