428 A.2d 216

PEIRCE–PHELPS, INC. to the use of Edward Heller,
Appellant in No. 1106 Philadelphia 1980 (cross-appeal)
in No. 2630 October Term 1979

v.

Martin JULASON a/k/a Marty Julason a/k/a Murad Julason
and Mary Julason, Philadelphia 1980 (cross-appeal);
Appellant in No. 2630 October Term 1979.

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed April 3, 1981.

Leon A. Mankowski, Philadelphia, for Julason, appellant (at No. 2630) and for appellee (at No. 1106).

Michael R. Sweeney, Media, for Peirce-Phelps, appellant (at No. 1106) and for appellee (at No. 2630).

Before BROSKY, HOFFMAN and LIPEZ, JJ.

LIPEZ, Judge:

These cross-appeals arise out of the refusal of the court below to direct the satisfaction of a judgment without prejudice to the defendant petitioner's right to contest the precise amount due the use plaintiff in a further proceeding. Defendant appeals because the court did not direct the satisfaction of the judgment, and use plaintiff cross appeals because the court dismissed the amended petition without prejudice. Since no appellate review lies under the circumstances, the appeals must be dismissed.

The facts are somewhat complicated. Suffice it to say, for the purpose of this appeal, that the use plaintiff is the assignee of a certain judgment which the defendant petitioner claims was paid (indeed claimed it was twice paid). She therefore petitioned (subsequently amending her petition), alleging the circumstances of the payment and requesting an order directing satisfaction of the judgment. A rule to show cause was issued by the court, and an answer was filed by the use plaintiff denying the payments. After hearing testimony, it was apparent to the court below that there was a substantial dispute as to whether payment had in fact been made, and the court therefore dismissed the amended petition and discharged the rule. The court below was clearly right.

20

 The petition was brought under the act of March 1876, P.L. 7, 12 P.S. § 978.[1]

As long ago as 1893, the Supreme Court said of the Act of 1876, "It is confined to cases of actual payment in full, by the defendant, or possibly to cases of such undisputed facts as produce a conclusive result of strict law that satisfaction equivalent to actual payment has been obtained. If there is any doubt or question as to the facts, or the inference to be drawn from them, the statute cannot apply." *Atkinson v. Harrison*, 153 Pa. 472, 475, 26 A. 294, 295 (1893). We find nothing in the later cases which changes that basic rule.

*Smith v. Witmer et al.*, 221 Pa.Super. 376, 378, 379, 293 A.2d 89, (1972.) Where there is such a dispute

". . . an issue should be awarded for a jury to determine whether the judgment has actually been paid and upon the determination of payment by the jury, the order for the entry of the satisfaction may be made."

7. *Standard Pennsylvania Practices* 818.

 No appellate review lies from the dismissal of a rule issued on a petition under the Act of 1876 supra. *Prager v. Warren*, 402 Pa. 128, 166 A.2d 500, (1961.)

Appeals dismissed.

HOFFMAN, J., concurs in the result.

1. "In all cases where a judgment has been made or hereafter be entered in any court of record in this commonwealth, whether originally, or by transfer from any other court, the court having jurisdiction shall, upon application by the defendant or defendants in the said judgment, or of his, her or their legal representatives, or other persons or persons concerned in interest therein, setting forth, under oath, that the same, with all legal costs accrued thereon, has been fully paid, grant a rule on the plaintiff or plaintiffs to show cause why the said judgment should not be marked satisfied of record, at his, her or their costs; and upon the hearing of such rule, should it appear to the satisfaction of the court that said judgment has been fully paid, as set forth in the application of the defendant or defendants, the said court shall then direct the prothonotary to make such judgment satisfied of record, and shall also enter a decree, requiring the plaintiff or plaintiffs to pay all costs incurred in the premises." Repealed by the Judiciary Act Repealer Act (JARA) act of April 28, 1978 P.L. 202 (Act No. 53) effective June 27, 1980.